HOLMES & AVERY v. BUDD, *et al.*

1. AMENDMENT OF AN ATTACHMENT BOND. Where an attachment bond recited that the proceedings were being had in the District Court of a county which was not the one in which the suit was actually commenced; *Held,* that the defect could be cured by an amended bond.
2. WAIVER OF VARIANCE. An appearance by a defendant in an action, operates as a waiver of any variances between the original notice and petition; and after such an appearance, the petition, and not the notice, governs as to the amount claimed.
3. ADMISSIONS OF A CO-PARTNER. The general rule is that the admissions of a co-partner will not bind the firm of which he is a member, in the absence of evidence proving the co-partnership.
4. CO-PARTNER AS WITNESS. A co-partner may be called as a witness by his adversary, under section 2390, Code of 1851, for the purpose of establishing his own liability and showing his membership in the firm.
5. RECORD: CERTIFICATE OF CLERK. A certificate by the clerk of the District Court will not be considered to impeach a record entry.

*Appeal from Linn District Court.*

MONDAY, OCTOBER 16.

THIS was a proceeding by attachment against the defendants, who were claimed by plaintiffs to have been a firm, doing business under the name and style of "E. R. Budd." The partnership is denied by all of the defendants, excepting E. R. Budd. Various assignments of errors are made by the appellants, relating to the ruling of the court below, upon motions to quash the original notice; the writ of attachment; to dismiss the suit, and to exclude certain evidence from the jury.

*Smyth, Young & Smith*, and *Hubbard & Stephens* for the appellants, argued: 1. That the bond filed in this case was not a *defective* one which may be cured by amendment; it was no bond, and therefore *Brock* v. *Manatt*, 1 Iowa 128; *Churchill, et al.* v. *Fulliam*, 8 Ib. 45; and *Cheever* v. *Lane*, 9 Ib. 193, are not applicable. 2. That the cause should have been discontinued on plaintiff's motion, for the reason that there was no such petition on file as that described in the original notice. 3. That the deposition of Budd should not have been admitted in evidence.

*Bissell, Mills & Shiras* and *I. M. Preston* for the appellees, in reply, contended: 1. That the defect in the bond was clerical, merely, and that it was cured by filing a more perfect bond, *Van Winkle* v. *Stevens*, 9 Iowa 264, and the authorities cited by appellants, *supra*, 2 Scam. 474, 3 Ib. 577. 2. That as there were no exceptions taken to the order of the court overruling the motion to discontinue, the appearance by demurrer and answer operated as a full appearance in the case, and waiver of, any defects in the notice; *Converse* v. *Warren*, 4 Iowa 162. 3. That the deposition of Budd was properly admitted in evidence.

BALDWIN, J.—I. The first assignment of error relates to the ruling of the court upon defendant's motion to quash the writ of attachment. This motion was based upon the insuffi-

ciency of the attachment bond filed by the plaintiffs prior to the issuance of the said writ. The plaintiffs filed an amended bond, to which there was no objection made by defendants. It is admitted by the appellants that plaintiffs had a right to file an amended bond in said cause under the provisions of section 2511 of the Code, where the original one was defective. It is, however, claimed that there was no bond on file when the attachment issued, not even a defective one; that the paper filed purporting to be a bond was not such a bond as could be aided by an additional one. The principal objection to the original bond is that it recites the proceedings as being had in (and that the attachment was about to issue from) the District Court of Dubuque county, whereas, in fact, the petition was filed with the clerk of the District Court of Linn county. We regard this defect of that character that it may be obviated by an amended bond. Code, section 2511; *Churchill, et al,* v. *Fulliam,* 8 Iowa 45, and *Cheever* v. *Lane,* 9 Iowa 193.

II. It is claimed that the court erred in overruling the motion made by defendants to discontinue the action of plaintiffs, for the reason that there was a variance between the amount claimed in the petition and the notice. We do not consider this objection as well taken. The object of a notice is to bring a party into court, and when such party appears, unless it is to object to the jurisdiction of the court, the notice has accomplished its purpose. The petition is then to govern as to the amount claimed, not the notice. If defendants had never appeared, nor in any manner submitted to the jurisdiction of the court, and judgment had been rendered for an amount greater than that specified in the notice, the defendants might have made this a ground of complaint.

III. This assignment relates to this ruling of the court upon the motion of defendants to exclude the deposition of E. R. Budd. The notes sued on were signed by E. R. Budd. Plaintiffs, in their petition, claim that "E. R. Budd" was the

partnership name, and that all of the defendants were members of, and each liable for the debts of, said firm. The plaintiffs, upon the trial of this cause, to prove that all of said defendants were members of said firm, introduced the deposition of defendant Budd. The defendants moved to exclude said deposition, for the reason that Budd was not a competent witness to prove who were the members of said firm. This objection was overruled. The general rule of law is, that the admissions of one partner will not bind the firm of which he is a member, until after proof of partnership, and the admission of one partner is not evidence against the other members of a firm, so as to make them liable. The defendant, Budd, whose deposition is objected to, was called upon by the opposite party, as provided for in section 2390, and his testimony was properly admitted to establish his liability, and to show that he was one of said firm. Whether Budd's deposition was the only evidence introduced to show that the other defendants were partners, does not appear; nor does it appear whether the court instructed the jury as to the sufficiency of this deposition to establish such partnership; nor were proper exceptions taken to specific parts thereof. There may have been further evidence introduced, and the court may have instructed the jury that this deposition was admitted only as against Budd. The whole of the evidence and the instructions of the court thereon should have been made part of this record, before this court could properly determine that the ruling of the District Court was erroneous.

It is further claimed under this assignment that the court improperly admitted this deposition to be read in this cause, as it was taken, to be used in a cause wherein Nelson Reed was plaintiff, and L. H. Mason was defendant, a suit then pending in the District Court of Linn County. This objection appears to be made for the first time, in this court. An agreement, signed by the attorneys for the defendants, is attached to the notice to take said deposition, by which it

is agreed that when the same was taken it might be used as evidence upon the trial of any cause pending in said court, wherein the said Budd *et al*, were parties, subject to any objections thereto for any illegality in the manner of taking the same. Under this agreement, we think the deposition was properly admitted by the court.

IV. It is assigned that the court erred in rendering a judgment in this cause in vacation. The verdict of the jury was found upon the 11th day of December, 1859, and filed and entered of record of that date. A motion for a new trial was made and overruled of that date; the judgment, as appears from the record, was entered upon the 13th day of December, 1859. There is a record entry made by the clerk of said court, upon the 11th day of January, 1860, in which it is stated that there was filed in his office of that date, an order of the judge of said court, directing him to enter up a judgment in this cause upon the verdict of the jury. We can not regard this as sufficient to show that the record of the judgment was not made at the time that it purports to have been made. Nor do we regard the certificate of the clerk, made in this cause, after this transcript was sent to this court, as sufficient to impeach his record entry. In this transcript he certifies that this judgment appears of record as made upon the 13th day of December, 1859, and this is certified to as being a full and complete copy of the records of said cause. The record is better evidence than the subsequent certificate, and must prevail.

Judgment affirmed.