## Simon v. Merritt.

Promissory note: INFIRMITIES: NOTICE. Notice on the part of an indorsee of a promissory note, at the time of his purchase, that the same was fraudulently obtained of the maker, constitutes no defense to his right to recover in an action thereon, if his immediate indorser was, at the time of his transfer of the note to plaintiff, a *bona fide* holder, having no notice of the fraud.

*Appeal from Lee District Court.*

Saturday, February 24.

Action by the holder of a promissory note against the maker. There was a verdict and judgment for defendant. Plaintiff appeals.

*Jno. Van Valkenburg, Slagle & Acheson,* for the appellant.

*F. Semple* for the appellee.

BECK, Ch. J. — The defendant filed an equitable answer setting up fraud practiced by the payee of the note upon defendant in order to procure its execution, and alleging a conspiracy on the part of the transferee of the note, the payee and others to cheat and defraud citizens generally, and that defendant, by the fraud practiced upon him, was induced to sign the note.   The answer avers that plaintiff had notice of the fraud in procuring the note, and that it was given without consideration.   It is also alleged that plaintiff's transferrer had notice of the fraud.   The answer is in the nature of a cross-bill, and the payee, Hunter, a former transferee, Leggett, with others, are made defendants.   These parties, or at least plaintiff, Simon, and his immediate transferrer, Leggett, answer the cross-bill, denying the matters therein alleged.   Upon the issues thus formed, no objection having been made to the manner of their presentation and trial, the cause was submitted to a jury, and evidence in support and denial of the allegations of the pleadings was introduced.   Among other instructions the court gave the jury the following:   "If you find from the evidence that the note in question was obtained of the makers by fraud and deception, and if you further find that the plaintiff, Simon, knew of such fraud and deception, or if he had reason to know or believe that said note was fraudulently obtained of the maker, and that it is void, and if, because of such knowledge or belief, he refused to receive or purchase it of Leggett until an indemnifying bond was executed to him by Leggett, then the law of the case is with the defendant, and if you so find then your verdict should be for defendant."   And the instruction directed the jury that if plaintiff, " in good faith, for a valuable consideration, obtained the note in the ordinary course of business, before maturity, without notice of fraud, or without having reason to know or believe that the note was obtained by fraud of the maker," they should find for plaintiff.

Simon v. Merritt.

These instructions are erroneous. They leave out of view the well-settled doctrine that if Leggett, the transferrer of plaintiff, was such an innocent and *bona fide* holder of the paper, that in his hands it could have been enforced against defendant, plaintiff, although he may have taken the note charged, with notice of its infirmities, may recover in this action. If Leggett so held the note, his title and rights thereto were such that they could not have been defeated by defendant. In the transfer, the title and rights held by him passed to plaintiff. The notice which plaintiff may have had of the fraud in the original transaction does not defeat the rights he acquired by the transfer.

One reason of the rule is obvious. The maker of the note would be liable to the transferrer; his condition is made no harder by the note coming into the hands of one having notice of its infirmities. We do not understand that there is any conflict in the authorities upon this point. *Hoskell & Gervey* v. *Whitmore*, 19 Me. 102; *Smith* v. *Hiscock*, 14 id. 449; *Prentice & Messenger* v. *Zane*, 2 Gratt. 262; *Boyd* v. *McCann*, 10 Md. 118; *Howell* v. *Crane*, 12 La. An. 126. See authorities cited in Story on Prom. Notes, § 191.

The instructions above set out, being in conflict with this doctrine, ought not to have been given. For this reason the judgment of the district court is

Reversed.