## MORNYER v. COOPER.

1. Promissory note: LATENT DEFENSES : NOTICE. The defense of fraud or failure of consideration cannot be made against the holder of a promissory note, though he had notice thereof at the time he received the note, if he acquired his title or received it from a prior *bona fide* holder who had no such notice. Following *Simon* v. *Merritt*, 33 Iowa, 537.

2. Practice: JUDGMENT ON SPECIAL VERDICT. Where a general verdict with special findings are received, and judgment entered on the general verdict, a judgment may, on motion of the other party and in a proper case, be rendered on the special findings, without first setting aside the judgment rendered on the general verdict. The sustaining the motion and rendering judgment on the special findings has that effect.

3. **Court : VERITY OF RECORD RECITALS.** A recital in the record of the district court as to the time of the filing of a motion and rendering judgment thereon, is an absolute verity and cannot be contradicted.

*Appeal from Marion Circuit Court.*

WEDNESDAY, OCTOBER 30.

THIS action is brought by the plaintiff as the holder of a promissory note, as follows :

"*June 8th,* 1869.

" On or before the 1st day of June, 1870, for value received, I the subscriber, of Washington and Dallas townships, county of Marion, State of Iowa, promise to pay M. Woodward or bearer, $150 at Knoxville, it being for the profits of twelve seeders when sold, with interest at ten per cent per annum.

(Signed) " PEARSON & COOPER."

It is alleged that the note was made by the said Pearson & Cooper, as partners, that the plaintiff is a holder for value before maturity, and that no part of the note has been paid.

The answer admits the making of the note as alleged; that plaintiff is the owner and holder thereof, and that no part of the same has been paid. It is, however, averred as a defense that the note was obtained by fraud in the pretended sale of patent seeders; that the consideration of the note was the prospective profits on the sale of said machines, which were to be furnished to defendants by the payee of the note, but have never been so furnished ; defendants received no consideration for making said note, and alleged that it was transferred by the payee to William M. Stone, who took it with full knowledge of these facts; that Stone transferred it to plaintiff who also took it with like knowledge, and that neither Stone nor plaintiff paid value therefor.

Plaintiff amended his petition by alleging that the

transfer from Woodward to Stone and from Stone to the plaintiff were both made before the maturity of the note, and for value. A jury trial was had, a general verdict for defendant, and also special findings returned. The record shows that the trial commenced on the 10th day of May, 1871, that the verdict was rendered on the next day, the 11th of May, and judgment rendered for defendant on the general verdict. The record also shows that on the same day the verdict was rendered, plaintiff filed a motion for judgment in his favor on the special findings of the jury, which motion was sustained by the court, and judgment rendered for plaintiff for the amount of the note with interest and costs, to which defendants excepted.

At the July term, 1871, of the court, defendants filed a motion, supported by affidavits, to set aside and vacate the judgment rendered for plaintiff on the special verdict, which being overruled, they excepted and appeal.

*Atherton & Anderson* for the appellants.

*Stone, Ayres & Curtis* for the appellee.

MILLER, J.—I. We do not deem it neccessary to set out all of the special findings. It will be sufficient to state that they find defendants received no consideration for the note; that it was obtained by fraud; that Stone purchased the note before maturity, for a valuable consideration, and without any knowledge that it was fraudulently obtained; that the plaintiff purchased the note of Stone before maturity, paid a valuable consideration therefor, and that he had no notice of the fraud, but " had his suspicions aroused."

<div style="margin-left:2em">1. PROMISSORY NOTE: latent defenses.</div>

These are the material and controlling facts in the case, and the only ones put in issue by the pleadings, and it is not claimed by appellants that these facts as found by the jury are unsustained by the evidence, which is not set out

in the record; indeed, it is admitted by counsel for appellant that "Stone was a *bona fide* holder for value before maturity."

The failure of consideration and fraud between the original parties to the note was no defense or bar to the title of Stone. Had he remained the holder and brought suit thereon, the fraud or failure of consideration would have been no defense to his right of recovery. The same rule applies to the present holder, the plaintiff, *although he may have had notice of the fraud or failure of consideration*, because he derived a title to the note from a *bona fide* holder for value. *Peabody* v. *Rees*, 18 Iowa, 571; *Simon* v. *Merritt*, 33 Iowa, 537; Story on Prom. Notes, § 191, and other cases cited in notes. His right to recover on the note is the same as would have been that of Stone. The special findings are so clearly and palpably inconsistent with the general verdict that it became the duty of the court to disregard the latter and render judgment on the former for the plaintiff. One of the essential facts, upon which the defense rested, the jury found for the plaintiff, and the general verdict should have been for the plaintiff.

It is urged that the court had no power to render judgment for plaintiff without having first set aside the judg-

2. PRACTICE: judgment on special verdict.

ment rendered for defendants on the general verdict. While it would have been more regular to have first set aside the judgment entered for defendants, yet the sustaining of plaintiff's motion and rendering judgment in his favor had that effect.

II. It is insisted that the court erred in overruling defendant's motion to set aside, and vacate the judgment

3. COURT: verity of record recital.

rendered on the special verdict for plaintiff. This motion is based on numerous affidavits, tending to show that plaintiff's motion for judgment on the special verdict was not in fact filed on the day it purports to have been; that it was filed in vacation and the

judgment rendered for plaintiff also in vacation. If we were at liberty to consider these affidavits and the counter affidavits filed by plaintiff independently of the record we would have no difficulty in coming to the conclusion that plaintiff's motion was in fact filed, and the action of the court thereon had, after the adjournment of the court, but we cannot receive this evidence to contradict the record in the case. The record says that the motion was filed and the judgment rendered *by the court* on the same day the verdict was rendered. The record must be taken as absolute verity, and cannot, as it ought not, on appeal be thus contradicted. *Holmes & Avery* v. *Budd et al.*, 11 Iowa, 186; *Farley, Norris & Co.* v. *Budd*, 14 id. 289.

The judgment of the circuit court is

Affirmed.