FRANCIS A. KIMBELL, plaintiff in error, *vs.* JOHN T. MORE-
LAND *et al.*, executors, defendants in error.

1. Where the substance of a long correspondence between the plaintiffs and
   the defendant was, that the former proposed to take $1,000 00, $500 00
   payable in twenty days, and $500 00 in sixty days, with interest at one and
   one half per cent. per month, for an execution in their favor against a third
   person, the *fi. fa.* to remain the property, and in possession, of the plain-
   tiffs until paid for, then to be transferred without recourse, and the defend-
   ant accepted this proposition, but failed to comply with his undertaking
   thereby assumed, an action was maintainable on the correspondence, and a
   demurrer thereto was properly overruled.
2. To avoid a contract of sale upon which suit was brought on account of
   representations made by the plaintiffs to induce the purchase, the plea
   should allege that they were false and fraudulent, and were so known to
   be by the party making them.
3. Where letters are declared on, in substance, as showing a contract, a
   literal variance between one of them as presented in evidence, and as set
   forth in the declaration, is not sufficient to exclude it.
4. Under the contract declared on, the plaintiffs held the execution as collat-
   eral security for the payment of the purchase money therefor, and a fund
   having been brought into court in which it was entitled to participate, it
   was their duty to collect its *pro rata* share, otherwise they would have been
   liable for the loss to the defendant.

Sales. Contracts. Pleadings. Evidence. Collateral secu-
rity. Before Judge BUCHANAN. Troup Superior Court. No-
vember Term, 1874.

Reported in the decision.

B. H. BIGHAM, for plaintiff in error.

SPEER & SPEER, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs, as executors
upon the estate of James Amoss, deceased, against the de-
fendant, on an alleged promise and undertaking by the lat-
ter to purchase of the plaintiffs a certain described execution
against Harris, which belonged to the plaintiffs, and to pay
them therefor the sum of $1,000 00, with interest on the same

Kimbell *vs.* Moreland *et al.*

at the rate of one and one-half per cent. per month until paid. The promise and undertaking declared on by the plaintiffs is contained in letters written by the parties to each other, and annexed to the plaintiffs' declaration and made a part thereof. On the trial of the case, the defendant demurred to the plaintiffs' declaration on the ground that no valid and binding contract was set forth therein, which demurrer was overruled by the court, and the defendant excepted. The case then proceeded to trial, when the jury, under the charge of the court, found a verdict in favor of the plaintiffs for the sum of $579 97, with interest at eighteen per cent. per annum, from the 30th of May, 1874. A motion was made for a new trial on the several grounds stated therein, which was overruled by the court, and the defendant excepted.

1. It appears from the evidence in the record that the defendant was the owner of a settlement of land which he had obtained from Harris, in right of his wife; that there were judgments and executions against Harris to which the land was subject, and that the defendant was desirous to purchase the same in order to protect his title to the land. The plaintiffs had an execution of that description, and the letters set forth in the plaintiffs' declaration related to the purchase of that execution. In our judgment, the letters annexed to the plaintiffs' declaration, written by the defendant to the plaintiffs in relation to the purchase and sale of the execution, furnish ample evidence of a purchase of it by the defendant, and a sale thereof to him by the plaintiffs, including the terms of the sale, as well as the consideration to be paid therefor. The plaintiffs proposed to take $1,000 00 for the execution, with interest thereon at one and one-half per cent. per month until paid, $500 00 to be paid in twenty days, and $500 00 in sixty days, and until that amount was paid, the *fi. fa.* was to remain the property and in possession of the plaintiffs, and upon the payment of the money the plaintiffs obligated and bound themselves to transfer the *fi. fa.* to the defendant without recourse. The defendant accepted and agreed to this proposition, as appears from the correspondence be-

tween the parties.   There was no error in overruling the demurrer to the plaintiffs' declaration.

2. There was no error in striking the defendant's plea in relation to the statement of the plaintiffs in regard to setting aside the judgment, as alleged therein, against Harris, on account of Judge Bull's absence from the court.   The plea did not allege that the plaintiffs made any false and fraudulent representations to the defendant to induce him to purchase the execution, *knowing* the same to have been false and fraudulent, which would have constituted any legal defense to the plaintiffs' action.

3. There was no error in admitting in evidence to the jury the letter of the 17th of September, 1873, on the ground of variance.   The plaintiffs, in their declaration, did not pretend to set forth the letters in *totidem verbis*, but in substance only.

4. It also appears from the evidence in the record, that the lands of A. S. Harris were sold by the sheriff of Troup county on the 7th of April, 1874, to satisfy sundry executions obtained against him, and that when the money arising from the sale thereof was to be distributed, the plaintiffs placed the execution in the hands of the sheriff and claimed that it was entitled to share in the distribution of the money to the extent of $1,000 00, with interest, and that it did receive its *pro rata* share.   What that share was, does not affirmatively appear from the evidence, except by the receipt of the plaintiffs to the sheriff on the *fi. fa.*, dated 30th of May, 1874, for the sum of $529 03, and the admission made by the defendant in his amended plea, that it was the amount received by the plaintiffs from the sheriff on the distribution of the money arising from the sale of Harris' land, which amount was allowed by the jury in their verdict.   ·The evidence in the record showing that it was a *purchase* of the execution by the defendant, and a *sale* thereof by the plaintiffs for a stipulated amount as agreed on between the parties, and that by the terms of the agreement, the plaintiffs should hold the execution until the money agreed to be paid therefor was paid.   The plaintiffs held the execution as *collateral* security for the payment of the money, and it was

the duty of the plaintiffs when Harris' property was sold, to place the execution in the sheriff's hands to claim its *pro rata* share of the money to the extent of the defendant's interest in it. If the plaintiffs had neglected to have done so in regard to the collateral in their hands as a security for the money agreed to be paid, and loss had resulted therefrom to the defendant, the plaintiffs would have been liable for such loss. In view of the evidence in the record, there was no legal ground for the court to have held that the correspondence between the parties amounted to nothing more than an offer to compromise a disputed claim between the parties.

After a careful review of the evidence contained in the record, the verdict of the jury, in our judgment, does substantial justice between the parties, and we will not, according to the repeated rulings of this court, interfere to control the discretion of the court below in overruling the motion for a new trial on the grounds of error alleged therein.

Let the judgment of the court below be affirmed.