## JOHN A. RICE

·v.

## J. C. VAN ACKERE.

*Sales—Fraudulent Representations—Negotiable Paper—Failure of Consideration—Note—What Establishes Negotiable Character of—Fraud in Obtaining—Practice—Default.*

1. To render representations fraudulent the person making them must know or have reason to believe them to be false.

2. A person selling property in good faith, and without any knowledge that it is defective, and who makes no warranty as to its quality, is guilty

of no wrong, and the fact that it is not what the purchaser supposed it was, does not constitute a failure of consideration.

3. The character of a promissory note as negotiable paper is established when it is acquired by a *bona fide* holder before maturity, and notice of original defects does not affect subsequent holders either before or after maturity.

4. It *seems* that in this State the fraud in obtaining a note, which, when proved, throws upon the holder the burden of proving that he obtained it for a valuable consideration, is fraud in obtaining the making and execution thereof, and not fraud in the consideration.

[Opinion filed June 16, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. ASAY, ASAY & RICE, for appellant.

Mr. PHILIP STEIN, for appellee.

BAILEY, J. This is an appeal from the decision of the Superior Court refusing to set aside a judgment by default and to give to defendant leave to plead. The action was assumpsit, brought by Ackere against Rice, the declaration consisting of the common counts, and a special count in which the plaintiff declares upon a promissory note for $730, bearing date June 9, 1885, executed by the defendant, payable to the order of one I. Rubens, eighteen months after date, and by said Rubens indorsed to one A. Cohn, and by him indorsed to the plaintiff.

The affidavit of the defendant, read in support of his motion to set aside the default, by way of attempting to show a meritorious defense to said note, states " that the note in suit herein was given, together with other notes and valuable considerations, for certain laces, to the original payee of the note in suit herein, said laces being by said payee to the affiant represented as of great value and intrinsic worth, and of the kind and species of lace known as point lace ; that this affiant was not skilled in merchandise of this character, so informed said vendor and original payee, and was therefore forced to

rely and did rely wholly upon said vendor's and original payee's statements and representations in regard to all of said laces, and bought them and gave his notes and other valuable consideration, among which was the note sued upon herein, for point lace, and for no other kind whatsoever ; that this affiant shortly after such sale and delivery to him of said alleged point lace, learned that in fact all the laces sold to him by said original payee, delivered as aforesaid, were none of them of the kind and quality known as point lace, but were cheaper, inferior and of a comparatively valueless kind, and were really imitations of point lace, well calculated to deceive." The affidavit further states that the defendant had paid to said vendor more than the real value of said laces in money. It also alleges that the plaintiff in this suit was cognizant of and a participant in the transaction which resulted in the execution of said note, and that the note was indorsed to him after maturity and without consideration. No reference is made in the affidavit to the first indorsee, nor is any attempt made to charge him with notice of said defense, or to show in any way that he was not an innocent assignee of the note before maturity for value.

We are of the opinion that the facts thus alleged do not constitute a defense to the note. The defense sought to be set up is a failure of the consideration of the note by means of false and fraudulent representations as to the character and quality of the goods sold and for which the note was given. There is an entire failure, however, to allege any knowledge on the part of the vendor that such representations were false. So far as appears the vendor may have represented said goods to be point lace in perfect good faith, believing them to be such. To render representations fraudulent, the person making them must know or have reason to believe them to be false. Richards v. Betzer, 53 Ill. 466. In Owings v. Thompson, 3 Scam. 502, which was a suit on certain promissory notes given for land, the defense being false and fraudulent representations as to the title to said land, the court, after reviewing previous cases say : " It is no matter what representations were made at the time of the purchase, so that they were made in good faith and the transaction was not tainted with fraud, where

Rice v. Van Ackere.

there is no express agreement on the subject." So in Richards v. Betzer, *supra*, where the defense of a failure of consideration was set up to a suit upon certain notes given for a flock of sheep, the court say: "To constitute a failure of consideration of a note, there must be a warranty of the property, or a false and fraudulent representation of the thing sold. A person selling property in good faith, and without any knowledge that it is defective, and who makes no warranty as to its quality, is guilty of no wrong, and the fact that it is not what the purchaser supposed it was, does not constitute a failure of consideration; but where false and fraudulent representations are made, or a warranty given which is broken, there is a failure of consideration to the extent of the injury sustained."

The principle that, in order to render representations fraudulent, they must not only be false, but there must be on the part of the person making them, a knowledge of their falsity, or at least reason to believe them to be false, is supported by numerous authorities. Tone v. Wilson, 81 Ill. 52); White . Watkins, 23 Ill. 480; Mitchell v. Deeds, 49 Ill. 416; Sims v. Klein, Breese, 302; McBean v. Fox, 1 Ill. App. 177; Keely v. Turbeville, 11 Lea (Tenn.), 339; Furman v. Titus, 40 N. Y. Sup. Ct. 284; Kimball v. Moreland, 55 Ga. 164.

But there is another and still more serious difficulty with the defense alleged in the affidavit. The title of Cohn, the first indorsee of the note, is in no way impeached. In the absence of any proof to the contrary, it will be presumed that he became the assignee of the note in the due course of trade, and before maturity, and for value and *bona fide*. Depuy v. Schuyler, 45 Ill. 306; Comstock v. Hannah, 76 Ill. 530; Wightman v. Hart, 37 Ill. 123; Mobley v. Ryan, 14 Ill. 51.

The note having come into the plaintiff's hands by indorsement from Cohn, the plaintiff acquired the same title that Cohn had, and the fact that the plaintiff obtained the note after maturity, or without consideration, or with notice of the alleged defense, is immaterial. It is a well settled principle of law, that where a party holds a promissory note from one who acquired it before maturity, and was himself unaffected by any infirmity in it, the holder acquires as good a title as he held,

although it was overdue and dishonored at the time of the transfer. As soon as the paper comes into the hands of a holder, unaffected by any defect, its character as a negotiable security is established; and the power of transferring it to others, with the same immunity which attaches in his hands, is incident to his legal right and necessary to sustain the character and value of the instrument as property, and to protect the *bona fide* holder in its enjoyment. Commissioners v. Clark, 94 U. S. 278; Cromwell v. County of Sac, 96 U. S. 51; Riley v. Schawacker, 50 Ind. 592; Mornyer v. Cooper, 35 Iowa, 357; Simon v. Merritt, 33 Iowa, 537, Story on Promissory Notes, Sec. 191; Daniel on Negotiable Instruments, Secs. 726 and 803, and authorities cited. Whatever may be the rule in other States, it seems to be held in this State that the fraud in obtaining the note which, when proved, throws upon the holder the burden of proving that he obtained it for a valuable consideration, is fraud in obtaining the making and execution of the note, and not fraud in the consideration. Such is plainly the rule laid down in Dupuy v. Schuyler, *supra.*

The defendant having failed to show any meritorious defense to the note, was not entitled to have the default set aside, and his motion to set it aside was therefore properly overruled. The judgment will be affirmed

*Judgment affirmed.*