Central School Supply House v. James Donovan et al.

1. PROMISSORY NOTES—*Indorsed in Blank—Possession Evidence of Title.*—Promissory notes indorsed in blank pass by delivery, and possession of such notes is *prima facie* evidence of title thereto.

2. SAME.—*First Assignment to Bona Fide Holder Without Notice of Defects Fixes Character of.*—The character of a promissory note, as negotiable paper, is established when it is acquired by a *bona fide* holder before maturity, and notice of original defects does not affect subsequent holders either before or after maturity.

Assumpsit, on promissory notes. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

ALBERT N. EASTMAN, attorney for appellant.

TENNEY, MCCONNELL & COFFEEN and WM. J. AMMEN, attorneys for appellees.

Bills and notes indorsed in blank pass by delivery. Possession of same is *prima facie* proof of title thereto. Purchaser is not bound to inquire as to title. Morris v. Preston, 93 Ill. 215; Palmer v. Nassau Bank, 78 Ill. 380; see also cases cited in Vol. 2, Starr & Curtis Stat., pages 2793–4.

A note payable to the maker's order and indorsed by him

in blank is in legal effect a note payable to bearer, and is transferable by delivery.  Jones v. Shapera (C. C. A), 57 Fed. Rep. 457; 6 C. C. A. 422.

Mr. Justice Waterman delivered the opinion of the Court.

The question presented in this case is as to the right of the transferee of a negotiable promissory note, who, with notice of a defense, purchased the instrument from a *bona fide* holder, who acquired it before it became due.

Promissory notes indorsed in blank pass by delivery.

Possession of such notes is *prima facie* evidence of title thereto.  Morris v. Preston, 93 Ill. 215; Palmer v. Nassau Bank, 78 Ill. 380.

The character of a promissory note as negotiable paper is established when it is acquired by a *bona fide* holder before maturity, and notice of original defects does not affect subsequent holders either before or after maturity.  Daniels on Neg. Instruments, Secs. 728–803; Story on Prom. Notes, Sec. 191; Simon v. Merritt, 33 Ia. 537; Commissioners v. Clark, 94 U. S. 278; Rice v. Van Ackere, 22 Ill. App. 588; Vol. 2, (6th Ed.), Parsons on Contracts, 242–253; Woodworth v. Huntoon, 40 Ill. 131; Wilder v. DeWolf, 24 Ill. 190; Gillham v. The State Bank of Illinois, 2 Scam. 245.

That appellees did not see fit to fill in the indorsement by Geo. H. Taylor & Co., so as to make it a special transfer, is immaterial.

By the indorsements it appears that appellees took title through the payees, Geo. H. Taylor & Co.; the introduction of the notes thus indorsed made a *prima facie* case for appellees.  By evidence introduced by appellant it appeared that the Hide & Leather Bank purchased these notes before they became due, and that appellee bought the paper from the bank before the notes matured.

Appellant does not contend that as against the bank it had any defense; its position therefore is, that the bank could not transfer its right to appellee, a contention for which there is, so far as we are aware, no authority.

All that is held in Kost v. Bender, 25 Mich. 515, is that where the maker of a promissory note has a valid defense as against the person to whom upon its face it is payable, if such payee, after assignment to a *bona fide* holder, again acquire and bring suit upon the note, the law, to avoid circuity of action, will allow the maker to set up that he was induced by the fraudulent representation of the payee, plaintiff, to execute the note.

The judgment of the Superior Court is affirmed.