Mr. Justice Clayton
delivered the opinion of the court.
This is an appeal from the superior court of chancery. The appellee, the complainant in the court below, executed a forthcoming bond jointly with her husband as sureties of Stephen Douglass. Execution issued, which was levied upon slaves, the separate property of the complainant. This bill is filed to enjoin the sale; it was demurred to by the defendant, the demurrer overruled, and the case brought by appeal to this court.
The English decisions in regard to the separate property of a married woman, and her power over it, are so far from being consistent and uniform, that Lord Eldon said, upon all the cases taken together, it was impossible to know what the law was. It seems, however, to be now settled, that a feme covert is not liable personally for any debt: nor is her separate property in general liable in equity for the payment of her general debts, or her general personal engagements. Yet the fact that the debt has been contracted during the coverture, either as a principal or as a surety for her husband, or jointly with him, seems ordinarily to be held prima fade evidence to charge her separate estate, without any proof of a positive agreement or intention to do so. 1 Brown Ch. R. 18 n.; Chassaing v. Parsonage, 5 Ves. 17; Gardner v. Gardner, 22 Wen. 526; 2 Story Eq. sect. 1400.
In this condition of the English law the statute was passed in this state, upon which we are called to place a construction. The intention of the legislature is too plain to be mistaken. The statute directs a particular mode in which a feme covert *84 may alienate her separate property, and provides that it shall not be done otherwise. To hold that it cannot be alienated directly in any other mode, yet that it may be charged with debts, contracted during coverture, subjected to execution and sold indirectly, would be to let in all the mischiefs, against which the statute seems directed. The object in view appears to have been to guard her against her own acts, into which her affection for her husband, or his influence over her might lead her. Our duty is to follow the plain provisions of the statute, and not to defeat its end, by the interpolation of equitable exceptions. When the community know that married women with a separate estate have no power to charge it or bind it, except in the manner pointed out by the statute, contracts will be framed to meet that state of the law. There is no more reason to decide that her personal estate can be subjected to the payment of debts under this act, than that her real estate may be, under the previous law. Both are now upon the same footing. See Frost v. Doyle, and wife, ante. This is in our opinion the true exposition of, the statute, and our decision rests upon that alone.
As this disposes of the case, no other question need be noticed.
The decree is affirmed.