## Jonathan Depuy

### *v.*

## Daniel J. Schuyler.

1. Promissory notes — *assignment prima facie bona fide.* The indorsee of a promissory note, in the absence of proof to the contrary, is presumed to have taken it in the due course of trade, before maturity, for value and *bona fide.* A person questioning the fairness of the transaction, to defeat a recovery, must prove that it was not for value, or that it was made for fraudulent purposes.

2. Former decisions. *Wightman* v. *Hart,* 37 Ill. 123; *Mulford* v. *Shepard,* 1 Scam. 583, referred to.

3. Promissory notes — *indorsement without date — presumption — that it was indorsed before maturity.* Where a note is indorsed without date, the presumption of law is, that it was indorsed before it became due. To defeat a recovery, the maker can only show, that the original execution of the note was obtained by fraud and circumvention.

4. Same — *what fraud will vitiate, in hands of an assignee.* The fraud which will vitiate a negotiable note in the hands of an assignee, who has no notice of the fraud, must be in obtaining the making or executing of the note, not in relation to the consideration.

5. Former decisions. *Mulford* v. *Shepard,* 1 Scam. 583, and *Woods* v. *Hines,* id. 103, referred to.

6. Appeal bonds — *in appeals from justice of the peace — no stamp required.* In an appeal from a justice of the peace, there being a stamp on the summons by which the appellee was brought into court, no stamp was necessary upon the appeal bond, as that was not process.

Appeal from the Circuit Court of Lee county; the Hon. W. W. Heaton, Judge, presiding.

This was an action in assumpsit, originally brought by the appellee, before a justice of the peace, against the appellant, on a negotiable note, made by him, and payable to the Union Dispatch company, or bearer, and indorsed by the said company to the appellee. On the trial before the justice, judgment was rendered in favor of appellant, and appellee took an appeal to the Circuit Court of Lee county, where a trial was had before a jury, which resulted in a verdict and judgment for appellee, whereupon an appeal was taken to this court. The further facts in the case, necessary to an understanding of it, are given in the opinion.

Messrs. Goodwin & Williams, for the appellant.

Messrs. Charters & Truesdell, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

It is unnecessary to discuss the questions made on this record, as the established doctrine of this State as to negotiable paper is, that the indorsee of a note, in the absence of proof to the contrary, is presumed to have taken it in the due course of trade, and before maturity, and for value and *bona fide*. A person questioning the fairness of the transaction, to defeat a recovery, must prove that it was not for value, or that it was made for a fraudulent purpose. *Wightman* v. *Hart*, 37 Ill. 123; *Mulford* v. *Shepard*, 1 Scam. 583.

The indorsement in this case being without date, the presumption of law is, that it was made before the note became due, and the maker can only show, in such case, to defeat a recovery, that the original execution of the note was obtained by fraud and circumvention (*Mobley* v. *Ryan*, 14 Ill. 51); and what constitutes this fraud and circumvention is explained by this court in *Woods* v. *Hynes*, 1 Scam. 103, and *Mulford* v. *Shepard, supra*. It must consist in obtaining the making or

executing the note, not in relation to the consideration. *Adams* v. *Wooldridge,* 3 Scam. 255 ; *Easter* v. *Minard,* 26 Ill. 494.

On the point that no stamp was affixed to the appeal bond, on taking an appeal from the justice of the peace, we have to say, there was a stamp on the summons by which the appellee was brought into court, and no stamp was necessary upon the bond, as that was not process.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*