## STEPHEN S. HALL

*v.*

## JOHN D. FREEMAN.

1. ASSIGNMENT *of promissory note—proof of, when necessary and when not.* At the common law, in an action on a promissory note by an assignee thereof against the maker, the plaintiff is required to prove that the indorsement was made by the person by whom it purports to have been

made, and where the indorsement is special, that the indorsee is the person described in it.

2. Though, when the handwriting of the indorser is proved, possession of the note might be *prima facie* evidence of ownership.

3. The 59th section of the Practice Act (R. S. 421), which declares that "in actions upon bonds, notes, and all other writings made assignable by law, in the name of the assignee, the plaintiff shall not be held bound to prove the assignment or the signature of any assignor, unless the fact of assignment be put in issue by plea, verified by the affidavit of the defendant, or some credible person, stating that he believes the facts stated in the plea are true," does not apply, unless the plaintiff declares specially upon the instrument.

APPEAL from the Circuit Court of Jackson county; the Hon. M. C. CRAWFORD, Judge, presiding.

Messrs. ALLEN, MULKEY & WHEELER, for the appellant.

Mr. U. E. ROBINSON, and Mr. T. B. TANNER, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellant, in the Jackson county circuit court. The case was tried by the court, without a jury, upon the common counts and the general issue. There had been a special count upon a promissory note, but the court sustained a demurrer to it, and appellee's counsel went to trial upon the common counts alone. He offered in evidence a promissory note, made by appellant, whereby he promised to pay Joseph Benoist, or order, $1500 one day after date, for value received. The note purported to have been specially indorsed by the payee to John Nevins, or order; by Nevins to Shapleigh & Co. or order, and by the latter to appellee. Appellant's counsel objected to the note as evidence, without proof of the genuineness of the indorsements. The court overruled the objection, admitted the note in evidence without such proof, and gave appellee judgment for the amount found due upon it. Exception was taken to this ruling, and the case brought here by appeal.

In such cases, the rule at common law is, that the indorsement is to be proved in the ordinary mode, like other handwriting. The plaintiff is required to show that the indorsement was made by the person by whom it purports to have been made, and when the indorsement is special, that the indorsee is the person described in it. 3 Phil. Ev. (6th Am. Ed.) 189. When the handwriting of the indorsers is proved, possession of the note might be *prima facie* evidence of ownership.

The plaintiff below was subject to the requirements of this rule, unless relieved by the 59th sec. of the Practice Act (R. S. 421), which declares that, " in actions upon bonds, notes, and all other writings made assignable by law, in the name of the assignee, the plaintiff shall not be held bound to prove the assignments or the signature of any assignor, unless the fact of assignment be put in issue by plea, verified by the affidavit of the defendant, or some credible person, stating that he believes the facts stated in the plea are true."

That this statute was intended to apply only to cases where the plaintiff declares specially upon the instrument, seems to admit of little question. It is only when the note is declared on, that the action may be said to be upon it. *Peake* v. *The Wabash Railroad Co.* 18 Ill. 88.

When it is introduced under the common counts, it is offered as evidence of the general duty to pay, and is but evidence. Any of the presumptions which the writing affords, when so offered, may be contradicted by other evidence, and the jury must draw their conclusion of fact from the whole evidence. 3 Phil. on Ev. 186.

This conclusion is strongly supported by the language of the statute itself. In actions upon bonds, notes, etc., made assignable by law, brought in the name of the assignee, the plaintiff shall not be bound to prove the signature of the assignor, " unless the fact of the assignment be put in issue by plea," etc.

Thus it must be an action upon an instrument assignable by law, brought in the name of the assignee, and in which it is practicable to put the fact of the assignment in issue by plea. When a plaintiff files a declaration in the common counts alone, and attaches the copy of a note, the defendant can not plead to the note, he must plead to the counts.

An issue of fact is formed by the allegation of a matter of fact by one party, and a denial of it by the other. How could the defendant, by a plea to the common counts, put in issue the fact of the assignment of an instrument, when no such fact is either alleged, or implied from anything that is alleged in the counts?

We are satisfied that the court erred in admitting the note in evidence, and giving judgment against appellant upon the evidence, without proof of the signatures of the assignors.

For this reason the judgment must be reversed and the cause remanded.

*Judgment reversed.*