HENRY M. ANGELL *et al. vs.* JAMES McCULLOUGH *et ux.*[1]

The separate statutory estate of a married woman in her realty, under the laws of Rhode Island, is not subject to an equitable charge for her individual contracts in favor of her creditors.

BILL IN EQUITY to establish a lien.

*January* 29, 1878. DURFEE, C. J. This is a suit in equity to obtain payment for a house built on the land of Jane, wife of

---

[1] See *Cameron v. McCullough,* 11 R. I. 173.

James McCullough, who are defendants. The house was built or partly built under a contract between said Jane and one of the plaintiffs, entered into on the 30th of October, 1873. The contract was neither sealed nor acknowledged, nor was it signed by the husband; nor does it appear that it was either authorized or approved by him. The house was built on one of two lots which were conveyed to said James and Jane by deed dated September 19, 1871. On the 5th of May, 1874, after the work on the house had been done, James and Jane made partition or mutual conveyances of the lots, so that the lot on which the house stands now belongs to Jane in severalty under the statute. Gen. Stat. R. I. cap. 152. The plaintiffs claim that the contract, having been executed, creates a lien or charge on Jane's lot, which will be enforced in equity the same as if the lot, instead of being held under the statute, were held in trust for Jane for her sole and separate use. The case therefore presents two questions : namely, first, whether there would be any lien or charge if the lot were held in trust for Jane for her sole and separate use ; and, if so, secondly, whether a like lien or charge attaches to the lot as held by her directly for herself under the statute.

Without deciding the first question, we will assume that it ought to be decided in favor of the plaintiffs, and pass immediately to the consideration of the second. Is it true that the real estate of a married woman under the statute is chargeable in equity for her contracts, in the same manner and to the same extent as her separate equitable estate would be chargeable for them? The question was to some degree before the court in *Cozzens* v. *Whitney et ux.* 3 R. I. 79. In that case the plaintiff, who was a lawyer, at the request of a married woman, had performed services and expended moneys in prosecuting a suit in equity relating to hër separate leasehold property. He claimed that the estate, if benefited, was chargeable for the services and expenditures, and brought the suit to enforce the charge. The estate was separate only so far as made so by the statute. The court held that her estate was not chargeable, being of the opinion that her common law disability remained, in equity as at law, the same as before the statute, except so far as it had been removed by the statute. "At common law," said Bosworth, J., deliver-

ing the opinion of the court, " she would have no present interest in the estate during the lifetime of the husband ; and under the act concerning the property of married women, she has no other power over the estate than is therein conferred. By the terms of the act the property is liable for her debts contracted before marriage, but the act gives to her no power to make contracts or bind the estate for contracts after marriage."

The counsel for the plaintiffs contends that this case " is plainly too ill-considered to be regarded as conclusively settling the law for the present time." It is true the opinion does not show any special investigation of authorities, but neither does it show any want of deliberation. It was, moreover, delivered by a judge who was peculiarly qualified by legislative experience to judge of the legislative purpose and policy of the statute, and, therefore, while we need not hold that the case has conclusively settled the law, we see no reason, why it is not entitled to respect as a precedent. The statutes have been twice revised since the case was decided, and neither revision affords any indication that the construction given in *Cozzens* v. *Whitney* did not meet the approval of the legislature. And see remarks of Bradley, C. J., *In the Matter of College Street*, 8 R. I. 474, 479.

Our statute is not merely a declaration that the property of a married woman, coming to her either before or after marriage, shall be secured to her sole and separate use, or shall be and remain her sole and separate property. If it were so, there would be good reason for holding that the object was to create a statutory estate similar to that which had been · previously known in equity as a married woman's separate estate, and, accordingly, for holding further that the estate so created should be subject to charge for the individual debts or contracts of the married woman to the same extent and in the same manner as her separate equitable estate. The statutes of some States have been so construed. *Johnson* v. *Cummins*, 16 N. J. Eq. 97, 105; *Yale* v. *Dederer*, 18 N. Y. 265 ; also in 22 N. Y. 450, 458 ; *Cox's Administrator* v. *Wood*, 20 Ind. 54.

The statute of this State consists of a series of provisions. It exempts the wife's property absolutely from seizure or attachment for the husband's debts. It also protects it, or empowers her to have a trustee appointed to protect it, from appropriation

by him.   But it allows the husband to receive the rents and profits of her real and personal estate during her lifetime, unless she interposes to prevent it.   And it reserves to him his curtesy in her real estate after her death.   It also gives him the right to administer on her estate without account, unless she leaves a will. Indeed, it did not, until revised in 1872, utterly abolish his estate by marital right in her realty.   The estate under the statute, therefore, is not so exclusive as a separate equitable estate ordinarily is.   The statute moreover declares what powers the married woman shall have to contract or convey, and how they may be exercised.   It empowers her to sell and convey, or to contract to sell and convey, a portion of her personal estate, the same as if she were sole.   But it does not empower her to enter into contracts relating to her real estate, or to several kinds of her personal estate, except by deed jointly with her husband, the deed to be acknowledged privily and apart from him, nor to convey the same otherwise than by deed so acknowledged, though the conveyance of real estate may be by separate instruments.   Now, considering the particularity of these provisions and of others which might be mentioned, we think it is clear that the statute was intended to be a complete system in itself, modifying the common law as therein expressed, but not going still farther and introducing by implication and engrafting upon the common law all the doctrines of equity in regard to what was known previous to the statute as a married woman's separate estate.   This is the view which was taken in *Cozzens* v. *Whitney*, and which has apparently been entertained by both bar and bench for the more than thirty years during which the statute has been in existence. The construction for which the plaintiffs contend would have the effect of making contracts which are void at law valid as charges in equity.   A construction which leads to such an inconsistency ought not to be adopted without very conclusive reasons for it. And see *Hall* v. *Freeman*, 59 Ill. 55 ; *Berry* v. *Bland*, 15 Miss. 77, 83, 84 ; *Pettit Fretz's Executor*, 33 Pa. St. 113 ; *Swift* v. *Luce*, 27 Me. 285 ; *Bailey* v. *Pearson*, 29 N. H. 77 ; *Maclay* v. *Love et al.* 25 Cal. 367 ; *Elder* v. *Jones*, 85 Ill. 384.

Under this view of the statute, persons who deal incautiously with married women will doubtless sometimes find them dishonest enough to take advantage of their coverture.   But the

remedy for this evil, if there is to be any, ought to come from the legislature. The bill is dismissed, but, under the circumstances, without costs.                                      *Bill dismissed.*

*Tillinghast & Ely*, for complainants.

*M. D. L. Mowry*, for respondents.