## THE VILLAGE OF FRANKLIN PARK, Appellee, *vs.* LESSER FRANKLIN *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. CONTINUANCE—*when motions for continuance are properly denied.* Motions to continue the hearing on the question of benefits in a special assessment case are properly denied where the affidavits in support of such motions fail to show any sufficient reason why the objectors were not ready for trial, or any degree of diligence in preparing for trial, or any reason for not having their witnesses present at the time set for the hearing.

2. SPECIAL ASSESSMENTS—*when court may properly direct verdict for the petitioner.* Upon the hearing of the question of benefits in a special assessment case, if, after the petitioner has made the proof necessary to a *prima facie* case, the objectors offer no evidence, saying that they have no witnesses, it is proper for the court to direct a jury to return a verdict for the petitioner.

3. SAME—*what does not render direction of verdict erroneous.* Affidavits by the objectors for a continuance upon the ground of absent witnesses do not render the court's direction of a verdict for the petitioner erroneous, upon the ground that if the petitioner admitted that the objectors' witnesses, if present, would testify to the facts stated in the objectors' affidavits for continuance the petitioner would not be entitled to a judgment, where neither the affidavits for a continuance nor any other evidence was offered by the objectors.

4. INSTRUCTIONS—*a court of review will not presume that instruction was oral.* In the absence of any showing by the record that the court instructed the jury orally, it will be presumed by a court of review that the instruction was in writing, as is required by the statute.

5. SAME—*parties may waive giving of written instructions—presumption on appeal.* While the statute requires the instructions of the court to be in writing, yet the parties may waive the benefit of the statute and consent that the instructions shall be oral; and such waiver will be presumed by a court of review, where the exception preserved to the instruction goes only to its substance and not to the manner in which it was given.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

WILLIAM K. LOWREY, and WILLIAM M. PINDELL, (NEWMAN, NORTHRUP, LEVINSON & BECKER, of counsel,) for appellants.

Ross C. HALL, (WILLIAM H. HOLLY, and WILLIAM J. DONLIN, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a proceeding in the county court of Cook county to confirm a special assessment to pay the cost of constructing a system of sewers in certain streets of the village of Franklin Park. The appellants appeared and filed objections to the confirmation of said special assessment as to their property, which objections were overruled and the special assessment was confirmed, and they have prosecuted this appeal.

There was a hearing before the court upon legal objections, also before the court and a jury as to benefits. The hearing upon legal objections took place at the May term and the hearing upon benefits at the June term of said county court, and the proceedings had upon the hearing upon legal objections not having been preserved by bill of exceptions taken in proper time, that portion of the bill of exceptions has been heretofore expunged from the record by motion duly entered in this court, and the only questions presented here for the consideration of the court are those questions arising upon the hearing before the court and the jury as to benefits.

The hearing upon legal objections was concluded upon the 25th day of May and the hearing upon benefits was thereafter set by the court for the third day of July, which hearing was subsequently postponed, upon the application of the appellants, until July 5. The appellants, between the 29th day of June and the fifth day of July, made a num-

ber of motions for a continuance of the case or a postponement of the hearing to enable them to obtain the presence of their witnesses at the trial, all of which motions were denied. Numerous affidavits were filed in support of said motions, but none of them show any sufficient reason why the appellants were not ready for trial, or any degree of diligence in preparing for trial, or any reason for not having their witnesses present at the trial on the fifth day of July. We think, therefore, the court did not commit reversible error in overruling the appellants' motions to continue the case or to postpone the hearing of the case later than the fifth day of July.

It is also urged that the court misdirected the jury as to the law. The appellee made the formal proof necessary to establish a *prima facie* case, and rested, whereupon the court inquired of the appellants if they desired to offer any evidence, to which the attorneys for the appellants replied, "We have no witnesses," whereupon the court gave to the jury the following instruction:

"Gentlemen of the jury, you may retire now in charge of the bailiff and sign the form of the verdict which has been handed to you. The village or city—the village introduced their formal proof, which, under the law, makes a case; the other side, the objectors, do not introduce evidence, which they have announced to the court, and I think in your presence, that they have no evidence to offer. The *prima facie* case offered by the village,—that is, the assessment roll and other papers mentioned,—makes a case for them, and it is proper for the jury to retire in charge of the bailiff and sign your verdict, which you may now so do."

It is urged, at the time the court declined to continue the case or to postpone the hearing later than the fifth day of July he stated to appellee's attorneys that he would require the appellee to admit that the witnesses of appellants, if present, would testify to the facts stated in the affidavits filed for a continuance or postponement, and that in view of the

statements contained in said affidavits the appellee was not entitled to judgment. The appellants did not offer said affidavits in evidence, and there was, therefore, no proof before the jury, other than the formal proofs offered by the appellee, which made a *prima facie* case in favor of appellee and entitled it to judgment. The court did not, therefore, err in instructing the jury to return a verdict in favor of appellee.

It is also urged that the court instructed the jury orally to find for the appellee. The record does not show that the court instructed the jury orally, and in the absence of such showing this court will presume that the instruction given by the court to the jury was in writing, (*Condon* v. *Brockway,* 157 Ill. 90,) and the only exception taken by the appellants to the instruction given by the court to the jury was: "To which charge of the court to the jury to find a verdict for the petitioner the objectors, by their counsel, then and there duly excepted." While the statute requires the court to instruct juries in writing, only, there is no law which prevents parties from waiving, and it is quite a common practice for parties to waive, the benefit of the statute and consent that the court instruct the jury orally as to the law; and if it appeared in this case that the jury were instructed orally, where, as here, the appellants fail to except to the instruction specially on the ground that the court gave the instruction to the jury orally, this court would presume that the parties had consented to that method of instructing the jury. Especially would such presumption obtain where the record shows, as it does here, that the exception preserved to the instruction only went to the substance of the instruction, and not to the method in which the instruction was given to the jury.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*