A. I. CLARKE, Appellee, *vs.* JOHN B. NEWTON, Appellant.

*Opinion filed June 18, 1908—Rehearing denied October 14, 1908.*

1. BILLS AND NOTES—*note is admissible without proof of execution, in absence of verified plea.* A note is admissible in evidence, in an action thereon, without proof of its execution, unless there is a verified plea filed denying such execution.

2. SAME—*when variance does not preclude admission of note in evidence.* In an action on a note, where there are special counts and the consolidated common counts, a variance between the note and the description thereof in the special counts does not preclude its admission in evidence under the common counts.

3. SAME—*same presumption arises where note is admitted under common counts as under special count.* The presumption that the plaintiff purchased the note in suit before maturity, for value, in due course of business, and that he was an innocent holder, arises where the note is properly admitted under the common counts the same as though it had been introduced under a special count declaring on the note.

4. SAME—*when plaintiff is entitled to recover on note.* Want of consideration for a note may be shown without specially pleading the defense where the note is introduced in evidence under the common counts; but the *prima facie* case made by introducing the note in evidence is not overcome by showing want of consideration, where the proof does not show that the plaintiff had notice thereof or that he purchased the note after maturity.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

MYER S. EMRICH, for appellant.

ALFRED LIVINGSTON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit commenced in the superior court of Cook county on March 20, 1906, by the appellee, against the appellant, to recover upon the following promissory note:

"$500.　　　　　　　　　　　CHICAGO, *December 29, 1903.*
"May 10, 1904, after date I promise to pay to the order of myself five hundred and no /100 dollars at Chicago.　Value received, with interest at the rate of seven per cent per annum after maturity.
　　　　　　　　　　　　　　　　　JOHN B. NEWTON."

—which had endorsed upon the back thereof "John B. Newton" and "T. L. Moran."

The declaration upon which the case was tried contained three special counts and the consolidated common counts, and had attached thereto a copy of said note, with the endorsements thereon, to which the appellant pleaded the

general issue and a special plea setting up want of consideration. The first special count in the declaration is by the appellee, as second endorsee, against appellant, as maker, and the second and third special counts are by the appellee, as first endorsee, against the appellant, as maker, and the common counts are in the usual form. The jury, under the direction of the court, returned a verdict against the appellant for $570, upon which the court, after overruling motions for a new trial and in arrest of judgment, rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a certificate of importance having been granted by that court, a further appeal has been prosecuted to this court.

It is contended by the appellant that the trial court erred in admitting the note, with the endorsements thereon, in evidence, as it is said there is a variance between the note and each of the special counts of the declaration, and the execution of the note by Newton was not proven. If that contention be conceded to be correct, still we think the note was properly admitted in evidence under the common counts. There was no plea on file, verified by affidavit, denying the execution or assignment of the note, and under section 34 of the Practice act, (3 Starr & Cur. Stat.—2d ed.—p. 3017,) which reads as follows: "No person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded or set up by way of defense or set-off, or is admissible under the pleadings when a copy is filed, unless the person so denying the same shall, if defendant, verify his plea by affidavit; and if plaintiff shall file his affidavit denying the execution or assignment of such instrument: *Provided,* if the party making such denial be not the party alleged to have executed or assigned such instrument, the denial may be made on the information and belief of such party," it was not necessary for the appellee to prove the execution

of the note before it was admissible in evidence under the common counts. The statute now in force is different from the one in force when the case of *Hall* v. *Freeman,* 59 Ill. 55, was decided. We think, therefore, the court did not err in admitting the note in evidence under the common counts.

It is also contended that the evidence showed the note to have been without consideration. The only evidence bearing upon that issue was the testimony of the appellant, who upon the trial testified that Moran proposed to him that if he would take five hundred shares of stock in an oil company he represented, so that he could make a showing to other people, and give him a note therefor, at the time the note was due he need take only one hundred shares of the stock if he did not want the five hundred shares, and that with that understanding he signed the note and endorsed it and delivered it to Moran; that the stock was to be delivered when the note was paid; that he had not paid the note or received the stock, and that he had never seen and did not know the appellee. The evidence therefore failed to show that the appellee had notice of what the consideration of the note was, or when he purchased it. The presumption therefore was he purchased the note before maturity, for value, in the due course of business, and that he was an innocent holder. *Mulford* v. *Shepard,* 1 Scam. 583; *Depuy* v. *Schuyler,* 45 Ill. 306; *Wightman* v. *Hart,* 37 id. 123.

It is, however, urged that the note having been introduced in evidence under the common counts, the presumption that the appellee was a purchaser before maturity, and for value, and was an innocent holder of the note, does not obtain in his favor. The note, as we have seen, was properly admitted in evidence under the common counts, and when admitted the same presumption obtained in favor of the appellee being an innocent holder thereof, for value, before maturity, as though it had been introduced in evidence under a special count declaring upon the note. (*Johnson* v.

*County of Stark,* 24 Ill. 75; *Gilmore* v. *Nowland,* 26 id. 200; *Bilderback* v. *Burlingame,* 27 id. 338; *Nickerson* v. *Sheldon,* 33 id. 372; *Boxberger* v. *Scott,* 88 id. 477.) The appellant had the right to show want of consideration when the note was introduced under the common counts without specially pleading that defense, (*Wilson* v. *King,* 83 Ill. 232,) and he attempted so to do but failed, as his proof did not show that the appellee had notice of the fact, if such was the fact, that the note was without consideration or he purchased the note after it was past due. The introduction of the note made a *prima facie* case in favor of the appellee, and as the appellant failed to overcome the *prima facie* case made by the appellee, the court properly directed a verdict in favor of the appellee.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*