**Freehold Bank, Appellee, v. Kennedy & Wright Company, Appellant.**

**Gen. No. 14,525.**

1. CONTINUANCES—*when motion properly denied.* A motion for a continuance based upon the absence of a witness is properly denied if it does not appear that the testimony of such witness would tend to establish any legal defense.

2. NEGOTIABLE INSTRUMENTS—*presumption as to purchase before maturity.* The presumption is that the assignee of a promissory note purchased the same prior to maturity.

3. NEGOTIABLE INSTRUMENTS—*what not defense against assignee.* The fact that the payee of notes sued upon by an assignee before maturity thereof warranted merchandise for which such notes were

Freehold Bank v. Kennedy & Wright Co., 148 App. 310.

given, does not constitute a defense as against such innocent assignee for value.

4. NEGOTIABLE INSTRUMENTS—*when fraud and circumvention no defense.* Under the Illinois statute making fraud and circumvention used in obtaining the making or execution of a note a defense to an action thereon, the fraud must relate to the execution of the instrument itself and not to the consideration.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed May 11, 1909.

ZEISLER & FRIEDMAN, for appellant.

HOYNE, O'CONNOR & IRWIN, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This appeal is prosecuted from a judgment of the Municipal Court of Chicago for $1,060.70 in favor of appellee, and against appellant, the defendant. The plaintiff brought the action on two promissory notes made by the defendant payable to the Ford China Company, and transferred by it to the plaintiff for value before maturity.

When the cause was called for trial, the defendant moved for a continuance of the case on the ground of the absence of the sole witness by whom the defendant had expected to prove its defense to the case, and in support of its motion read the affidavit of Friedman, its president, to the effect that he had been president since the beginning of September, 1906; that prior to that time one Mayberry had been general manager of the defendant; that the original purchase of goods for which the notes in question were given, was made at the time said Mayberry was the manager, and that Mayberry was familiar with all the circumstances of the purchase; that affiant has made diligent search to discover where said Mayberry is located, and has made constant search for said Mayberry; that his place of residence is not known to affiant or to any officer of the

company, but affiant believes if further time is given affiant he will be able to locate Mayberry through some of his former employers.

Affiant further states that he expects to prove by said Mayberry that a warranty was made at the time of the purchase and sale of the goods for which said notes were subsequently given; that they were so represented and in good condition; that said goods when they arrived were defective, broken and chipped and were not as represented; and that at the time these representations were made, the Ford China Company knew that the said goods were defective and the representations were made to secure the notes so that they might be transferred and the entire amount collected thereon.

Affiant further states that he believes that said Mayberry, if present, would further testify that fraud was used in procuring said notes, that the representations were made that the goods purchased had been shipped in good and sound condition; that favors were promised by the Ford China Company if the notes should subsequently be given to it by the defendant, and that any allowance for damages or breakage should be settled for immediately.

The motion for a continuance was denied, and error is assigned upon the ruling.

The presumption is that the plaintiff, Freehold Bank, purchased the notes before maturity. Depuy v. Schuyler, 45 Ill. 306. The fact, if it be the fact, that the Ford China Company warranted the goods for which the notes were given to be of a certain quality and they were not as represented, would not constitute a defense to the notes in the hands of an innocent purchaser for value before maturity. The facts set forth in the affidavit were, therefore, not material. It has repeatedly been held that, under our statute, making fraud or circumvention used in obtaining the making or execution of a note a defense to an action thereon, the fraud must relate to the execution of the instru-

ment itself, and not to the consideration. Adams v. Woodridge, 4 Ill. 255; Easter v. Minard, 26 *id.* 494; Shipley v. Carroll, 45 *id.* 285, 287; Depuy v. Schuyler, *supra.*

There is no pretense set out in the affidavit that any fraud was practiced on the defendant in the making of the note itself.

There are other defects in the affidavit which are too obvious to require discussion. The court did not err in overruling the motion for a continuance. The evidence sustains the judgment and it is affirmed.

*Affirmed.*