**William H. Black, Appellee, v. J. H. Downs, Appellant.**

1. PARTIES — *waiver of irregularity in substitution.* Alleged irregularity in the substitution of parties plaintiff after the beginning of suit on a note is waived where no motion is made for a discontinuance but the general issue is filed and a trial is had on the merits and the change in parties is in no way questioned.

2. CONTINUANCE—*absence of witnesses.* In an action on a note it is not error to overrule defendant's motion for a continuance because of the absence of witnesses where the affidavits in support of such motion show no diligence to get such witnesses into court and state that it is expected to prove by them that the payee sold the note to another, who sold it to an indorsee, and that both had notice that it was fraudulently obtained without consideration, where the question in issue is whether plaintiff was an owner before maturity and a holder in due course.

3. BILLS AND NOTES—*fraud and lack of consideration.* A verdict is properly directed for plaintiff in an action on a note where there is no attempt to show that he had notice of the fraud in procuring it or of the absence of consideration, and the circumstances in plaintiff's evidence tending to show lack of *bona fides* in the purchase are insufficient to sustain a verdict for defendant.

Appeal from the Circuit Court of Christian county; the HON. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912. Rehearing denied December 20, 1912.

M. J. FITZGERALD, W. B. McBRIDE and LEAHY, SAUNDERS & BARTH, for appellant.

F. R. WILEY, for appellee; H. HERSHEY, of counsel.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This suit was begun to the March term, 1911, of the Circuit Court of Christian County by the Citizens National Bank, plaintiff, against J. H. Downs and A. B. Donaldson, defendants. The declaration was filed to the said March term. On March 13, 1911, the time for the defendant to plead was extended to the second Monday of the term. On March 17th plaintiff was given leave to amend the declaration. On July 22d, leave was given plaintiff to amend the praecipe for summons by striking out the name "Citizens National Bank," and to insert therein the name William H. Black, and on the same day an amended declaration was filed in which William H. Black appears as plaintiff in the place of the Citizens National Bank. On the 28th day of August, at the August term of the court, on the motion of the defendant Downs, the time of the defendant to plead was extended to the second Monday of the term. On the fourth day of September the defendant Downs filed the general issue, a plea of fraud and circumvention and a plea of total failure of consideration. There was a trial before a jury and the court instructed a verdict for the plaintiff on which judgment was rendered for $6,402 against the defendant Downs, who prosecutes this appeal.

This suit is brought to recover the amount of a promissory note executed by J. H. Downs to the order of A. B. Donaldson. The note is endorsed:

"A. B. Donaldson,
   William McGinley,
      without recourse on me.
         William H. Black,
            Decatur, Ill.

"Pay American Mechanics' Nat'l Bank of St. Louis, Mo. or order, Prior endorsements guaranteed Citizens National Bank, Decatur, Ill.
   "Citizens National Bank,
            "GEO. S. CONNARD, Cashier,
                     "Decatur, Illinois."

It is insisted that it was error to permit a change of parties plaintiff, after the beginning of the suit. The record shows that leave was given plaintiff to amend the declaration generally and to amend the praecipe by substituting the present plaintiff. When the amendment had been made substituting the present plaintiff, the appellant asked for and was given time to plead. He then filed pleas and in no way questioned the change of parties, but went to trial on the merits. The appellee testified that he was the owner of the note at the time the suit was begun. The appellant by failing to in some way move for a discontinuance of the suit and by filing the general issue and going to trial on the merits, has waived whatever, if any, irregularity there was in the substitution of parties plaintiff. Chicago Legal News Co. v. Browne, 103 Ill. 317; Rothschild v. Bruscke, 131 Ill. 266.

Before the beginning of the trial a motion was made by the defendant Downs for a continuance. It was overruled and the appellant contends that the ruling was erroneous. The motion was based on the absence of witnesses. It appears from the affidavits filed in support of the motion that no diligence was used to get the absent witnesses into court. The appellant relied on their promise to be present. The affidavit states that it was expected to prove by the absent witnesses that Donaldson, payee in the note sued on, sold the note to one Ponting, and Ponting sold it to McGinley, and that Ponting and McGinley both had notice of the circumstances under which the note was given. The question in issue was whether Black was the owner of the note before maturity and was he a holder in due course. If the witnesses had been present and had testified to all that the affidavits set forth, it was immaterial to the issue and could not have changed the result. We have reviewed the contention of the appellant on the overruling of the motion for a continuance, although neither the affidavit for a continuance nor the ruling of the court thereon is contained

in the bill of exceptions but they are only in the record of the clerk.

The evidence in the case shows that the note was fraudulently obtained from Downs without consideration, but it also shows that the appellee and the Citizens National Bank were both bona fide purchasers for value before maturity. The record shows that no attempt was made by the appellant to show that Black had any notice either of the fraud in procuring or of the failure of consideration for the note. There are some things in the evidence of Black which tend to cast a shadow on the *bona fides* of his purchase of the note, but they are entirely insufficient to sustain a verdict and judgment in favor of the appellant. Bradwell v. Pryor, 221 Ill. 602. The court properly directed a verdict. Clarke v. Newton, 235 Ill. 530; Village of Franklin Park v. Franklin, 231 Ill. 380. While the payment of this judgment imposes a hardship on him in that he received no consideration for it, yet appellee so far as the evidence discloses is a holder in due course.

Finding no reversible error in the cause the judgment is affirmed.

*Affirmed.*