## William R. Maxwell et al., Defendants in Error, v. Jacob H. Brown, Plaintiff in Error.

### Gen. No. 5,832.

1. CONTRIBUTION, § 2*—*when special pleas demurrable.* In an action for contribution to the payment of a promissory note, special pleas setting up a defense of want of consideration for signing the note *held* demurrable, for the reason that such defense is admissible under the general issue.

2. BILLS AND NOTES, § 430*—*when proof of oral statements at time of execution inadmissible.* In a suit for contribution between signers of a promissory note, where the note was made and paid by the plaintiffs before the Negotiable Instrument Act of 1907 was in force, J. & A. ¶¶ 7640 *et seq.,* the defendant cannot avail himself of proof of oral statements made at the time of its execution that no obligation should be incurred by signing it.

3. PRINCIPAL AND SURETY, § 98*—*when defense of want of consideration available in suit for contribution.* In an action for contribution between the signers of a promissory note, evidence offered by defendant tending to show either that there was no consideration for the plaintiffs' undertaking or no consideration for his own signing, *held* admissible.

4. PRINCIPAL AND SURETY, § 98*—*admissibility of evidence in suit for contribution.* In an action for contribution between signers of a promissory note where plaintiffs had paid the note, evidence offered by defendant to show that plaintiffs had obtained judgment against the principal debtor for the full amount that they had paid, *held* properly excluded, there being no offer to show that anything had been realized on the judgment.

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

H. M. KELLY, for plaintiff in error.

BUTTERS & ARMSTRONG and McDOUGALL & CHAPMAN, for defendants in error.

MR. JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

The three defendants in error, hereinafter called plaintiffs, sued plaintiff in error, hereinafter called defendant, in *assumpsit* for contribution to the payment of a promissory note signed by the four parties to this action and paid by the three plaintiffs, and filed a declaration consisting only of the common counts. The defense offered was that the defendant did not sign the note when it was made and signed by the plaintiffs, but did sign it the following June after it had been assigned by the payee, The Illinois Valley Oil Pipe and Line Co., to the National City Bank of Ottawa, the assignee that had demanded and received its payment; that no consideration passed from the Oil Company or the bank to the plaintiffs when they signed the note, and no consideration passed at the time the defendant signed the note; that the defendant and the plaintiffs were advised by an officer of the bank at and before the time of the signing that no liability would arise from signing the note that the bank desired it to show the bank examiners so that it, the bank, would not appear to be carrying so large an obligation of the Oil Company. This defense was set up in special pleas filed with the general issue. Demurrer to the special pleas was sustained and the case was tried before the court and a jury on the issues of fact so presented. Evidence was introduced by the plaintiffs showing the payment by them on August 1, 1905, to the bank of said note, which note was received in evidence and was for the principal sum of $10,000. dated April 1, 1903, payable on demand and indorsed by the payee.

The defendant offered evidence tending to show the defense above indicated, to which objections were sustained by the court and a verdict was directed for the plaintiffs followed by judgment against the defendant for $3,453.87, the full amount claimed. The action of the court in sustaining the demurrer and excluding the testimony so offered by the defendant is assigned as error.

This is not an action on a promissory note, either specially pleaded in the declaration or specially relied on under the common counts, therefore a defense of want of consideration was admissible under the general issue (*Clarke v. Newton,* 235 Ill. 530); and evidence offered by the defendant tending to show either that there was no consideration for the plaintiffs' undertaking or no consideration for his own signing should have been admitted.

The note was made and paid by the plaintiffs before our Negotiable Instrument Act of 1907 (J. & A. ¶¶ 7640 *et seq.*), therefore the obligation of the plaintiffs when they paid it was fixed by the law then in force and the defendant cannot avail himself of proof of oral statements made at the time of its execution that no obligation should be incurred by signing it, as he might have done had it occurred after the act was in force. *Straus v. Citizens' State Bank of Elmhurst,* 164 Ill. App. 420, affirmed by the Supreme Court and reported in 254 Ill. 185.

That parol evidence is inadmissible to vary, contradict or explain the terms of a written agreement but is admissible to show a note was given without consideration, had, before the present Negotiable Instrument Act, long been settled law. *Penny v. Graves,* 12 Ill. 287.

If there was an illegal contract between the payee of the note, the defendant and the bank, that could be shown, if at all, under the general issue. The question is whether the defendant should be permitted to defend on that ground, he being *particeps criminis.* This question may not arise on another trial, it is not argued here. We will not attempt to forecast the question but will leave it for decision if it does arise when its precise nature appears and there is opportunity for counsel to present authorities.

We are of the opinion that the court committed no error of which the defendant can complain in sustaining the demurrer to the special pleas, because any legiti-

mate defense there pleaded was available under the general issue; that the court did err in refusing defendant's offer of evidence tending to show either that there was no consideration supporting the apparent obligation of the plaintiffs or of the defendant; that testimony should be permitted of oral statements made at the time of the signing of the note so far as such statements tend to show such consideration or want of consideration. While it is true there need be no consideration moving to the obligor personally, still there must be a consideration to support a promise; and if it be true that the defendant signed the note after it was executed by the plaintiffs and assigned and delivered to the bank, there must have been some consideration to support his undertaking, though not necessarily one moving to him. What the transaction in fact was can be shown by evidence, and then the law may be applied to such conditions as the evidence tends to show.

The defendant also offered evidence to show that the plaintiffs had obtained judgment against the Oil Company, the principal debtor, for the full amount that they, the plaintiffs, had paid. There was no offer to show that anything had been realized on the judgment and no suggestion in argument here of any benefit to the plaintiffs from the judgment, except that they have a lien on all the property of the principal debtor, whatever that may be. It is immaterial in this suit what liens or securities plaintiffs may have obtained if they had not realized on or in some way handled them to the damage of the defendant. He will in an appropriate proceeding be permitted to share in the benefits derivable from such securities if he is held to the payment of a part of the debt, and the court did not err in excluding the part of his defense that was based on that ground.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*