SECOND DISTRICT—FEBRUARY, 1919.     549

Wells v. Manufacturers & Merchants Life Assn., 213 Ill. App. 549.

## George M. Wells, Appellee, v. Manufacturers & Merchants Life Association, Appellant.

### Gen. No. 6,630.

1. CORPORATIONS, § 515*—*what is sufficient basis for introduction of note of corporation in evidence.* In an action on the promissory note of an insurance company, proof of due execution of the note in the name of the corporation by its president is sufficient to authorize its introduction in evidence, as the president's authority to sign the note is presumed until the contrary is shown.

2. BILLS AND NOTES, § 411*—*who has burden of proving fraud.* The indorsee of a promissory note is presumed to be a bona fide purchaser under section 59, Negotiable Instruments Act (J. & A. ¶ 7698), and the burden of proving fraud, etc., is on the defendant.

3. CORPORATIONS, § 450*—*when company has power to issue negotiable paper.* An insurance association has power to issue negotiable paper under a statute authorizing it to make contracts and to take, purchase, hold and dispose of real and personal estate for corporate purposes.

Appeal from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed February 8, 1919. *Certiorari* denied by Supreme Court (making opinion final).

C. E. BOTSFORD and BRUCE H. GARRETT, for appellant.

J. E. GOEMBEL and ROY F. HALL, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

George M. Wells brought this action of assumpsit upon a promissory note issued by the Manufacturers & Merchants Life Association, dated October 15, 1913, due January 1, 1914, for $1,000, with interest at 6 per cent until paid, payable to the order of C. M. Erwin, and by him indorsed to plaintiff. He filed a declara-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion containing a special count on the note and the common counts, together with an affidavit of the amount due thereon. Defendant filed a plea of the general issue, verified by affidavit, in which it was also stated that the payee did not assign the note to plaintiff, and also a second plea that said note was *ultra vires*. To that plea plaintiff replied that defendant did have authority to execute said note, and that plaintiff did not have notice when he purchased and paid for said note of the matters and things mentioned in said plea, and that plaintiff was entitled to recover in manner and form as charged in the declaration. Defendant also filed a third plea, in which it charged that said note was obtained by fraud and falsehood of C. M. Erwin, whereby the consideration for said note had failed. To that plea plaintiff replied that if there was any fraud on the part of C. M. Erwin, plaintiff had no notice thereof and did not know the same when he purchased and paid for said note, and that plaintiff was entitled to recover as alleged in his declaration. There was a jury trial. At the close of all the evidence the court denied a motion to instruct the jury to find for the defendant and gave an instruction, requested by plaintiff, directing the jury to find for plaintiff and assess his damages at $1,251.65. Such verdict was returned, a motion by defendant for a new trial was denied, judgment was rendered upon the verdict and against defendant and it appeals.

The note was executed in the name of the corporation by M. C. Bement, president. Bement testified that he was the president and wrote that signature while he was president. Plaintiff testified that the indorsement of C. M. Erwin on the note was written in his presence by C. M. Erwin and that Erwin then delivered the note to him and he bought it of Erwin and had possessed it ever since. It is argued by appellant that this evidence was insufficient to authorize the introduction of the note in evidence as against the verified plea. It is held in *Bank of Minneapolis v. Griffin,*

168 Ill. 314, and *Anderson Transfer Co. v. Fuller,* 174 Ill. 221, that a corporation acts through its president, and that an act pertaining to the business of the corporation, not clearly foreign to the general power of the president, done through him, will, in the absence of proof to the contrary, be presumed to be authorized to be done by the corporate body. In *George E. Lloyd & Co. v. Matthews,* 223 Ill. 477, a suit upon a guaranty by a corporation on the back of a promissory note, where defendant pleaded the general issue and a special verified plea, denying the execution of the guaranty and where it was contended that special authority in the president to sign the guaranty must be shown, it was held that where a contract was properly executed for the corporation by its president and was such a contract as the president might lawfully make, proof of the execution by the president was all that was required, in the absence of evidence showing that the contract was not made by the authority of the corporation. The act under which defendant was incorporated gave it power to make contracts in relation to its business, and authorized it to take, purchase, hold and dispose of real and personal estate for the purposes of the corporation. The corporation might very properly have occasion to give a promissory note in the execution of its corporate powers. Appellee's evidence therefore justified the court in overruling the objection and permitting the note to be introduced in evidence, and that made a case for plaintiff. *McCormick v. Unity Co.,* 239 Ill. 306.

It is the established doctrine of this State that, in the absence of proof to the contrary, the indorsee of a promissory note is presumed to have taken it in due course before maturity for value and in good faith, and he who questions the fairness of the transaction must, to defeat a recovery, show that it was obtained by fraud and circumvention. This principle is laid down in *Depuy v. Schuyler,* 45 Ill. 306; *Clarke v. Newton,* 235 Ill. 530; *Mann v. Merchants' Loan & Trust*

552     APPELLATE COURTS OF ILLINOIS.

Wells v. Manufacturers & Merchants Life Assn., 213 Ill. App. 549.

*Co.,* 100 Ill. App. 224; *Freehold Bank v. Kennedy & Wright Co.,* 148 Ill. App. 310. Section 59 of the Negotiable Instruments Act (J. & A. ¶ 7698) provides that every holder is deemed prima facie to be a holder in due course, and section 52 (J. & A. ¶ 7691) defines what is meant by a holder in due course, and a part of that definition is that he became the holder of it before it was overdue, and that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. There was no proof tending to show that appellee, when he bought this note from Erwin, had any notice of the circumstances now relied upon by appellant to defeat it or that this note was then overdue. Inasmuch as appellant had power to conduct transactions in which promissory notes might properly be given, we hold that under the condition of the proof above stated, appellee is not subject to be defeated by any of the circumstances which appellant sought to prove, regardless of the question whether said circumstances would tend to defeat the note if appellee had bought it when it was overdue, or with knowledge of the facts relied upon by appellant. No proof was introduced to sustain the third plea. Appellee was therefore entitled to recover the principal and interest due upon the note. Our attention is not called to any testimony showing a computation producing the result named in the instruction, but it is not claimed in the assignment of errors or in the argument for appellant that the amount is excessive, if appellee was entitled to recover.

The judgment is therefore affirmed.

*Affirmed.*