## Charles Hedrick and William Hedrick v. James H. Bell.

1. PRACTICE—*Change of the Presiding Judge During a Trial.*—A change of the presiding judge during the trial of a cause is not necessarily a cause for reversal, unless some special harm or prejudice has resulted by reason of such change of judges.

2. INSTRUCTIONS—*As to Impeachment, etc.*—An instruction telling the jury in effect that while the law permits the impeachment of a witness by proving his general reputation for truth and veracity to be bad, yet if they believe the witness, while on the stand, gave a truthful, candid and honest statement of the facts, they should give it such faith and credit as in their opinion it is entitled to, is proper and should be given.

Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Verdict and judgment for plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

TIMOTHY McGRATH, attorney for appellants.

On the trial of a case it is error if the presiding judge, who sat during the impaneling of the jury and the hearing of testimony for four days, abandons the bench over defendant's objection, and orders, over defendant's objection, that another judge take his place, and the trial proceeds thus for two days to a verdict. People v. Blend, 48 N. Y. 604.

A judge, by his absence during a material part of the trial, is disqualified from sitting during the remainder of the trial; but if he did sit, he should hear the testimony *de novo.* People v. Shaw, 63 N. Y. 36.

It is the duty of the judges who try a case to go through with it and hear a motion for a new trial. Voulaire v. Voulaire, 45 Mo. 602.

GRAHAM & MILLER, attorneys for appellee.

As to the legality of one circuit judge performing the duties of another, and as to different circuit judges performing judicial acts in connection with the same case, during the proceeding thereof, see Chicago, P. & S. W. R. Co. v. The Town of Marseilles, 107 Ill. 313; People v. McConnell, 155 Ill. 192; S. & C. R. S. 62, Chap. 37; Thompson on Trials, Vol. I, Par. 213.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

During the trial of the case in the Circuit Court the judge who had presided from the beginning was called to the death-bed of a brother, and another judge of the same circuit presided to the close of the trial and until final judgment upon the verdict of the jury, which was against appellants, for $533.20 as damages in an action of assumpsit. Appellants objected to the substitution of another judge for the one who presided during the first four days of the trial, and, because of such change of judges, moved the court to continue the cause, which the court denied, and this action of the court in permitting a change of judges in the midst of the trial, and in refusing to continue the case for such reason, is assigned and urged upon our attention as one of the errors for which the judgment should be reversed.

Under our judicial system it is not uncommon for as many judges as may be in the circuit to have presided, and caused the orders of the court to be entered of record in a particular case while pending in court. There is no greater reason, in our opinion, for requiring the same judge to sit throughout the trial of a given case, than there would be that the same judge who had caused the order of the court to be entered, disposing of a demurrer to a declaration should also rule upon the pleas to the same declaration; for in any matter that arises for decision in the court, it must be presumed that the presiding judge will be fully advised concerning all antecedent matters in the record or proceedings of the court, necessary to be advised upon, before determining any particular question presented. With learned counsel at the bar, whose special privilege it is to inform and advise the court, together with a short-hand reporter, under our present statute, who can promptly and accurately report all the previous oral testimony, no reason is perceived why one judge is not as well qualified to proceed judicially, at any stage of the case, as another. It is always the same court, the orders and judgment are of and by the court, the personality of the

judge being wholly merged therein, and unless some special harm or prejudice has resulted by reason of such change of judges, and none has been shown in this case, there can be no just ground for complaint. We are of the opinion the authorities cited by counsel for appellants, outside of this State, upon this question, have no application to the courts as organized under the constitution of our own State, under which each of the three judges of the circuit have equal rights, authority and power in the respective circuit courts in the counties composing the circuit, and they shall hold the circuit courts in the circuit for which they shall be elected, in such manner as may be provided by law, in pursuance of which they have been authorized by statute to hold the circuit courts in their circuits in such manner as to best dispose of the business thereof as they may arrange among themselves. Chap. 37, Paragraph 87, S. & C. Stat.

It will thus be seen that the constitution and the legislation thereunder has left the manner of holding the courts to the judges of the respective circuits, and unless it can be shown such power has been abused in some way to the prejudice of appellants, and, as has been already said, this they have not done, there is no ground upon which they can be heard upon this question.

It is further argued that the court admitted improper evidence and gave to the jury incorrect instructions, and refused proper instructions requested by appellant, and a reversal of the judgment is also sought upon those grounds. The bill of exceptions does not contain, nor purport to contain, all the evidence in the case. It does not appear to us that any prejudicial error occurred in the rulings of the court in respect to the admission of evidence. The burden is always upon the party who avers error to make the same appear affirmatively, the presumption being in favor of the finding and judgment of a court of general jurisdiction, and we can not say from the bill of exceptions in the record that there was any such error in regard to the evidence, and while some of the instructions given at the request of appellee are not wholly free from criticism, we are not of the opinion they contain reversible error.

It is complained the court erred in refusing to give to the jury the instruction numbered 13, requested by appellants, but we find the principle and substance of that instruction was contained in those given by the court at request of appellants, and hence there was no error in refusing it. Upon the trial the testimony of several witnesses was introduced tending to impeach, and also to support, the general reputation of appellants, as witnesses in the cause, for truth. Appellants asked and the court refused to give to the jury an instruction to the effect that while the law permits the impeachment of a witness by proving his general reputation for truth and veracity to be bad, yet if they believed the defendants, while on the witness stand, gave a truthful, candid and honest statement of the facts, they should give it such faith and credit as in the opinion of the jury it is entitled to. We perceive no valid objection to this instruction. It is sound in principle and applicable to the question then being considered by the jury, and may have been, as far as we can see, a vital point in the case, and we are of the opinion appellants' rights demanded the instruction to have been given, and it was error to refuse it. It is argued by counsel for appellee that the fourth instruction given at the request of the plaintiff covered all that was proper in the refused instruction, but we can not agree to this. The fourth of appellee's instructions was general in its nature, to the effect that the jury are the sole judges of the credibility and the weight of the evidence, and in giving weight and credit to the witnesses, should consider the manner, candor and fairness, or want of the same, opportunity for knowing the facts, prejudice, bias or interest, the fact of contradiction by other witnesses, if shown, together with all facts and circumstances appearing in evidence, and should give to the testimony of each witness such credit and weight, and only such credit and weight, as in their judgment the same is entitled to receive. This instruction was near the border line of error itself, for the latter clause in effect assumes that some witness or witnesses in the case had testified, whose credit had been in some degree lessened

Hedrick v. Bell.

in comparison with others—at any rate we think that the use of the word " only," being a word of limitation, implied that there were witnesses who were not entitled to full credit, and the jury in their application of the instruction, in view of the impeaching testimony, would naturally be misled, to the prejudice of appellants, by reason of the impeaching testimony. While, as we have said before, there is not enough vice in the instructions given at request of appellee to reverse the judgment, still the wrong we have pointed out, contained in the fourth instruction, instead of covering all that was proper in the refused instruction, reinforced the rights of appellants to have the instruction given as requested.

For the error in the refusal to give to the jury the instruction indicated, the judgment of the Circuit Court will be reversed and the cause remanded.    Reversed and remanded.