## L. Hawthorne v. The Cartier Lumber Company.

### Gen. No. 11,899.

1. JURISDICTION—*presumption as to, of the Circuit Court.* It will be presumed in the absence of any showing to the contrary that the judgment of the Circuit Court was within the limits of its jurisdiction and based upon such papers or evidence as was necessary to support its judgment.

2. FORCIBLE DETAINER—*duty of defendant in appealing from judgment in.* It is the duty of the defendant in appealing from a judgment in forcible detainer to see to it that the complaint is filed with the transcript, and he can take advantage of the absence of such complaint being returned by the justice into court with his transcript and have the action dismissed.

Action of forcible entry and detainer. Appeal from the Circuit Court of Cook County: the Hon. ELBRIDGE HANECY, Judge, presiding.

Heard in the Branch Appellate Court at the October term, 1904.
Affirmed. Opinion filed July 11, 1905.

RICHARD J. FINN, for appellant.

AUGUSTUS S. PEABODY and EDWIN F. MARSH, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action of forcible entry and detainer originally brought by appellee before a justice of the peace. The defendant, appellant here, took an appeal from the justice to the Circuit Court. It is urged in her behalf that the transcript of the justice filed in that court on appeal does not show any "complaint in writing," as required by section 5, chapter 57, R. S., and that the Circuit Court had no jurisdiction. The transcript as it appears in the record shows that the action was forcible entry and detainer, that there was a complaint filed, that the demand was for possession of realty, that a summons was issued and returned served upon appellant, who was the defendant in the suit before the justice, and in addition the transcript states that it was "considered by the court that the said plaintiff have and recover of the said defendant restitution of the premises described in the complaint, to wit," describing in detail the premises in controversy. The record further shows that in taking her appeal from the judgment of the justice, appellant filed an appeal bond, wherein it is recited over her signature that appellee recovered a judgment before the justice against appellant "for the restitution of certain premises described in the plaint, to wit," again describing the premises in controversy. It thus appears from the transcript that there was a written complaint filed with the justice in an action of forcible entry and detainer by the party claiming to be entitled to the possession of certain premises, which appellant herself states were described in the complaint. We think it sufficiently appears that a complaint in writing such as is required by the statute was filed before the justice and that he had jurisdiction of the subject-matter

and the parties. It was, moreover, appellant's duty to file with the transcript in the Circuit Court all the proper papers. It was said in McArthur v. Howett, 72 Ill., 358-359, that the defendant in that suit "could not properly move the court to dismiss the plaintiff's suit, because of the omission of the replevin bond from the papers filed with the justice's transcript. She, being the appellant, was subject to the duty of filing the papers, and the court had jurisdiction of the cause by her appeal."

We are referred to Abbott v. Kruse, 37 Ill. App., 549, and Redfern v. Botham, 70 Ill. App., 253, as holding a contrary view. But in the first case it did not appear "who took the transcript from the office of the justice, nor what, if any, papers accompanied it"; and in the second it is said that the transcript showed only a complaint filed, and not the character of the complaint. It will be presumed in the absence of any showing to the contrary that the judgment of the Circuit Court was within the limits of its jurisdiction, and based upon such papers or evidence as was necessary to support its judgment. Swearengen v. Gulick, 67 Ill., 208-211; Wallace v. Cox, 71 Ill., 548-550.

In Subim v. Isador, 88 Ill. App., 96-98, it is said that where it appears on the face of the record that the justice has jurisdiction of the persons and subject-matter it is proper to indulge in inferences in aid of the justice's transcript in respect of the regularity of the steps taken by the justice as thereon shown; and (p. 100) it is held that in the case of a *capias* issued by a justice it would be presumed that the justice required, the record being silent in regard thereto, such an oath to be made as the law required. In Leiferman v. Osten, 167 Ill., 93, a case of forcible entry and detainer, the written complaint in due form before the justice of the peace was not sent up to the Circuit Court with the original transcript, and its absence was not noticed by either party during the trial in the Circuit Court. It was held (p. 97) that by going to trial without calling attention to its absence the defendant waived objection that the Circuit Court had no jurisdiction to try the cause in the

absence of the written complaint; that the court had juris-
diction of the subject-matter and of the parties, that the
filing of a written complaint in the Circuit Court related
only to the mode of procedure, and that any irregularity in
that respect must be availed of promptly, else it will be
waived.   It appears that there was a written complaint in
due form before the justice, but this seems to have been
shown by an amended transcript filed at a subsequent term
after the Circuit Court had lost jurisdiction over its judg-
ment.

We need not, however, enlarge upon the questions above
referred to, inasmuch as there is in the case no proper as-
signment of errors.   The paper so called bears neither the
title of any court nor of any cause.   It does not show by
whom it was made and bears no signature of party or at-
torney.   This is not a sufficient assignment.   The Bogue-
Badenoch Company v. Boyden, 33 Ill. App., 252.

The judgment will be affirmed.

*Affirmed.*