PATRICK KELLEHER, Defendant in Error, *vs.* THE CHI-CAGO CITY RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. PLEADING—*after verdict, allegations are to be construed to support judgment.* Where the declaration in an action against a street railway company avers that the plaintiff was injured while getting on the defendant's car but does not aver that he was getting on to be carried as a passenger the declaration is open to demurrer, but upon motion in arrest of judgment, after verdict, the allegations are to be construed to support the judgment.

2. SAME—*when defect or omission is cured by verdict.* If the issue joined be such as necessarily required, on the trial, proof of facts omitted or so defectively or imperfectly stated as to have constituted a fatal objection upon demurrer, without which proof it is not to be presumed the judge would have directed the jury to give, or the jury would have given, the verdict returned, the defect or omission in the declaration is cured by the verdict.

3. EVIDENCE—*when the connection between injury and subsequent condition is too remote.* Testimony of the plaintiff that some three years after his injury, which was caused by falling from a street car, a small, sharp-pointed splinter (which he testified was bone) worked its way out of his wrist, is not admissible in the absence of proof of any injury to the bones of the wrist, other than that the wrist was wrenched and felt weak for a year after the accident, or of expert testimony that such a condition might have resulted from the injury received.

4. SAME—*when evidence should be excluded although admitted without objection.* Improper testimony should be stricken out, on motion, even though admitted without objection, where it was

given by the plaintiff while describing his injuries and subsequent disabilities and its objectionable nature could not have been known until after it was given.

5. SAME—*what evidence is improper in describing other injuries.* Where the plaintiff in a personal injury case volunteers the information, on cross-examination, that he had once been shot during a strike but he is asked nothing about the shooting, it is improper to allow him, on re-direct examination, to describe the circumstances of the shooting in order to show that he was a union man and had been shot by a non-union man, or, as suggested by his counsel, a "scab."

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

JAMES G. CONDON, and IRVIN I. LIVINGSTON, (LEONARD A. BUSBY, of counsel,) for plaintiff in error.

QUIN O'BRIEN, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

This record is brought here by a writ of *certiorari* to review a judgment of the Appellate Court which affirmed a judgment recovered by Patrick Kelleher against the Chicago City Railway Company, in the circuit court of Cook county, for personal injuries.

The plaintiff was injured in attempting to board the car of the defendant. He fell to the pavement, striking his left side against the running-board and receiving the injuries complained of. The evidence required the submission of the cause to the jury, and the judgment must be affirmed if the declaration is sufficient to sustain the judgment and no error requiring a reversal occurred on the trial.

It is urged that the declaration is insufficient to support the judgment because it does not allege that the plaintiff

was a passenger or facts from which the relationship of carrier and passenger can be inferred, and therefore fails to show any duty owing by the defendant to the plaintiff. The declaration consists of a single count, and, after stating that the defendant was a common carrier, avers that while the plaintiff, in the exercise of all due care, was getting on a certain car of the defendant where the car had stopped at the usual place of receiving passengers, the defendant negligently caused the car to be suddenly started before the plaintiff was fully on the car, whereby he was thrown violently from the car to the ground and injured. The question is one of pleading and not of evidence, and on demurrer, where the pleading is to be taken most strongly against the pleader, the count would be insufficient. It does not allege that the plaintiff was getting upon the car for the purpose of being carried as a passenger for hire, and from all that appears he may have been a trespasser. The objection was not, however, taken by demurrer but on motion in arrest of judgment, and on such motion, after verdict, the rule is different, and the allegations are to be construed so as to support the judgment. If the issue joined be such as necessarily required, on the trial, proof of facts omitted or so defectively or imperfectly stated as to have constituted a fatal objection upon demurrer, without which proof it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by verdict. (1 Chitty's Pl. 673.) Though the allegations on the record, taken by themselves, may have been ambiguous and capable of bearing two different constructions, yet when coupled with the verdict it becomes clear that they ought to be interpreted in that sense which will sustain the verdict. Under this doctrine of aider by verdict the motion in arrest of judgment was properly overruled.

The case has been twice tried, the first trial, which occurred more than three years after the injury, resulting in a disagreement of the jury. Some time after this trial, the plaintiff testified, a splinter of bone came out of his wrist about a quarter of an inch long, with a sharp point, about an eighth of an inch thick in the middle and not so thick at the butt. Nothing was said of this at the first trial as it did not occur until afterwards. The first thing the plaintiff noticed about the bone was a little lump on his wrist, which got to be a sharp point, and in four or five months worked its own way out. After the first trial the plaintiff showed his wrist to Dr. Webb, who told him to put a bandage on it and gave him some liniment to rub on it. Dr. Webb was dead at the time of the second trial and the plaintiff had not consulted anybody else about the splinter. Dr. Bracken, who treated plaintiff from about six months after his injury, never did anything for the wrist and the plaintiff never said anything to him about it. There was no evidence tending to show that there was an injury to the bones of the wrist, unless it is to be inferred from the fact that the left wrist was wrenched and it was the plaintiff's left side and arm which struck the running-board and ground; that his wrist felt weak for a year after the accident, and that three years afterward this substance, which the plaintiff says was a splinter of bone, came through the flesh. The connection between the injury and the extrusion of the supposed bone is too remote to justify the inference that the latter was the result of the former, in the absence of evidence that an injury of the character shown might produce such a result. It was a question upon which expert evidence might have been introduced, (*City of Chicago* v. *Didier,* 227 Ill. 571,) but none was introduced on the part of the plaintiff, though the defendant introduced the evidence of an expert that in his opinion the plaintiff was suffering from rheumatism, and that the condition shown was the result of a form of chronic rheu-

matism known as rheumatoid arthritis, in which disease hard substances formed in and near the joints extrude themselves from the tissues, in form like slivers. The de-fendant moved to strike out this evidence in reference to the bone in the wrist, but the court denied the motion. It is insisted by the defendant in error that the motion was properly denied because the evidence was not objected to. The evidence was a link in the chain of evidence showing the plaintiff's damages. The testimony was given by the plaintiff while describing his injuries and subsequent disabilities, and its objectionable nature could not be known until after it was given. The motion to strike out the evidence was proper and should have been sustained. *Chicago Union Traction Co.* v. *Giese,* 229 Ill. 260; *Hagen* v. *Schleuter,* 236 id. 467.

After the occurrence which was the basis of this suit, and after the first trial, the plaintiff was severely injured and crippled in a railroad accident. In the course of his cross-examination he was asked about the nature and extent of these injuries. He also answered that a good while before the street car accident he was once shot in the thigh at the strike at Bridgeport, and that these were the only two accidents he had had. He was asked nothing further in regard to the shooting, its effect or the circumstances under which it occurred, but on re-examination his counsel asked him how that happened. Upon objection being made his counsel stated that he simply wanted to show there was no quarrel,—that it was accidental. The defendant's counsel stated that he was willing to accept that it was accidental, but the plaintiff interposed, "No, it was not accidental—it was done on purpose." His counsel then said, "O! was it?" and he answered, "Sure." He was then asked, "How did it happen?" and counsel for the defendant objected. His counsel then stated, "I want to prove that there was a non-union man—a scab—that shot—" and the court overruled the objection. The plaintiff answered:

"This was a strike in Bridgeport, with the iron-ore men, I said. It was not accidental. He tried to kill me, all right. The bullet went right into the fleshy part of my leg and cut through about four inches into my flesh in the right leg. I was all right and perfect after that. He put the first bullet through the top of my hat. I was stooping down to get him by the legs and it went through my hat." Thereupon his counsel admonished him, "Wait; Mr. Condon objects to it." The evidence was incompetent and the statement of counsel inexcusable. It was proper cross-examination to inquire of the plaintiff as to the nature and extent of any other injury he might have received, and the cross-examination was confined to this injury. It was proper, on re-direct examination, to inquire all about the effect of the injury upon the plaintiff. It was not proper to go into the circumstances under which the injury was received, the merits of the parties involved in it or the position of the plaintiff in any dispute. There was no occasion to inject into this trial any reference to the plaintiff as a union or non-union man, or to submit to the jury the question of the propriety of his conduct at the time he was shot. This was the object of the testimony, and it was error to admit it.

Objection is made to the action of the court in giving plaintiff's instructions Nos. 8 and 9 and in refusing defendant's instruction No. 35. The plaintiff's instructions were both on the measure of damages. No. 8 was given and is approved in *North Chicago Street Railroad Co.* v. *Brown*, 178 Ill. 187. We think it limits the jury to disabilities and damages resulting from the street car accident and shown by the evidence. No. 9 has been given, in substance, in many cases. The same criticism made upon it here was made in the case of *Chicago City Railway Co.* v. *Gemmill*, 209 Ill. 638, and it is there said that it would have been more accurate had it limited the jury to the consideration of the facts and circumstances attending the

injury. On another trial it can be so limited. Instruction No. 35 was sufficiently covered by No. 24, which was given.

The judgments of the Appellate Court and of the circuit court will be reversed and the cause will be remanded to the circuit court for a new trial.

*Reversed and remanded.*