### Gertrude Isbitz, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 19,330.

1. Records, § 7*—*when need not be in English language.* A memorandum of the list of "papers filed and writs issued" kept by the clerk of the court from which papers and writs a record thereof is made is not a record and the constitutional provision with reference to the preservation of court proceedings in the English language does not apply.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. RECORDS, § 7*—*when cannot be objected to.* An objection to the sufficiency of a record which is referred to in the certificate to a bill of exceptions as "a record" is without merit where the transcript of the record which contains the first bill of exceptions is certified to be "a true, perfect and complete transcript of the record in this case," etc., and is on its face a complete record from the initial step therein to final judgment.

3. APPEAL AND ERROR, § 1289*—*when adoption of rule by Municipal Court presumed.* Under section 28 of the Municipal Court Act (J. & A. ¶ 3340), which requires the practice in actions of the first class to conform to practice in the Circuit Court until otherwise provided for by the rules of the Municipal Court, in the absence of a showing that such rule was not adopted by that court, it must on appeal be presumed that one was so adopted, particularly where both parties in the lower court apparently proceeded on that theory.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient.* A statement of a claim presumably filed under the rules of the Municipal Court, if it apprises the defendant of the nature of the plaintiff's claim, is sufficient after verdict.

5. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient though treated as a declaration.* Statement of claim in an action of the first class for injury to a passenger caused by the sudden starting of a car as she was in the act of alighting, *held* sufficient after verdict, even though considered as a declaration.

6. CARRIERS, § 309*—*when relation created.* When a person boards a car of a street car company, at the place where it usually stops for taking on passengers, for the purpose of becoming a passenger for hire, a contractual relation exists.

7. MUNICIPAL COURT OF CHICAGO, § 13a*—*when ownership need not be proved.* Failure of plaintiff to prove that defendant was the owner or operator of the car upon which plaintiff was a passenger is not available where ownership was not denied in the affidavit of merits, and was in fact admitted.

8. MUNICIPAL COURT OF CHICAGO, § 13*—*when defenses not set up in affidavit of merits waived.* Where an affidavit of merits is filed specifying the nature of the defense relied on, all defenses, the nature of which are not set out in the affidavit, are considered waived.

9. DAMAGES, § 34*—*what are requisites to recovery for future suffering.* In an action for personal injuries, present damages for apprehended future consequences of an injury cannot be recovered

unless there is such a degree of probability of their resulting as amounts to a reasonable certainty that they will result therefrom.

10. APPEAL AND ERROR, § 1623*—*when admission of evidence not curable by remittitur.* Improper admission of evidence as to the probability of future suffering *held* incurable by remittitur.

11. EVIDENCE, § 434*—*when hypothetical question erroneous.* A hypothetical question in an action for personal injuries where there is nothing in the question from which the witness could assume that each and all of the conditions named in it did not exist prior to the accident complained of is improper.

12. EVIDENCE, § 437*—*when hypothetical question must be based on evidence.* A hypothetical question requiring the witness to base his opinion in part on what he found by his examination of the patient, and not confined to what he testified that he found, is erroneous.

13. DAMAGES, § 213*—*when instruction erroneous.* An instruction to jurors that they might assess the measure of damages in an action for personal injuries from the facts and circumstances in evidence in connection with their general knowledge, observation and experience in the business affairs of life in determining the amount of time that the plaintiff lost was error, such element being capable of pecuniary measurement.

14. APPEAL AND ERROR, § 1655*—*when erroneous instruction not curable by remittitur.* A remittitur will not cure error in instructions permitting recovery on an element of damages as to which there was no evidence, there being no basis in the evidence on which the court could determine how much should be remitted.

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 28, 1915. Rehearing denied May 12, 1915.

WARREN D. BARTHOLOMEW and CHARLES LE ROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

EDWARD M. AMES and H. W. STANDIDGE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from a judgment in the Municipal Court in an action of the first class. Appellee filed

the following statement of claim as the basis of her action:

"Plaintiff's claim is for injuries received on the twenty-first day of April, A. D. 1911, while a passenger on one of the defendant's street cars then and there being operated by one of the defendant's employes at the intersection of West Sixty-first street and South Ashland avenue, City of Chicago, after plaintiff had given notice of her intention to get off the car at the crossing, and while she was in the act of getting off, said employe suddenly started up said car in negligent and careless manner, whereby the plaintiff was thrown violently to the pavement and seriously, dangerously and permanently injured, and while she was exercising due care and caution for her own safety."

Without in any way challenging the sufficiency of that statement of claim, appellant filed an affidavit of meritorious defense in which it denied liability for two reasons only: First, that neither the fall of appellee nor the injury, if any, sustained by her by reason thereof, was caused or brought about by reason of any negligence on the part of appellant or any of its agents; second, that at the time of said fall appellee was not in the exercise of due care for her own personal safety. The issues so made were submitted to a jury without objection by either party, upon evidence introduced by them in support of their respective contentions, and resulted in a verdict for appellee assessing her damages at $3,500. Motions of appellant for a new trial and in arrest of judgment were successively made and overruled, and on November 23, 1912, judgment was entered on the verdict. Appellant then prayed and was allowed an appeal and was given thirty days, afterwards extended to sixty days, in which to file its appeal bond and sixty days in which to file its bill of exceptions. On December 23, 1912, appellant again came into court and presented its motion to vacate the judgment entered November

23, 1912, on account of the insufficiency and inadequacy of the record thereof, which motion was denied by the court, and thirty days was allowed within which appellant might file a bill of exceptions showing said motion and the ruling of the court thereon. On January 16, 1913, an appeal bond for an appeal from the judgment of November 23, 1912, was filed. On January 29, 1913, a transcript of record was certified by the clerk of the Municipal Court to be a true, perfect and complete transcript of the record in this cause, except that the original bill of exceptions filed with that clerk. on January 28, 1913, *nunc pro tunc* as of January 16, 1913, was embodied in the transcript instead of a copy thereof. In this transcript is included the *praecipe* on which was a demand for a jury trial; the summons and the return thereon; appellee's statement and affidavit of claim; appellant's affidavit of meritorious defense; the empaneling of a jury; the trial and verdict of the jury; the motion for a new trial and the ruling of the court thereon; the motion in arrest of judgment and the ruling of the court thereon; the judgment on the verdict; the prayer for an appeal; the orders of the court in relation thereto; and the original bill of exception filed January 28, 1913, all in amplified and complete form. On February 25, 1913, another transcript of record in this cause was certified to by the clerk of the Municipal Court as a transcript of the additional record therein. This so-called additional record purports to show what took place at the time the motion made December 23, 1912, to vacate the judgment entered November 23, 1912, was made and disposed of and includes what is called a bill of exceptions signed by the judge on January 31, 1913, and filed in the Municipal Court on February 20, 1913, *nunc pro tunc* as of January 31, 1913. This so-called bill of exceptions contains a coloquy between court and counsel for the respective parties in regard to the motion to vacate the judgment of November 23, 1912,

in which the judge of the court stated to counsel that he had seen certain records in this case prepared by the clerk in abbreviated form; a copy of the records the court said he had looked at; rule 32 of the Municipal Court; an order of the Chief Justice of the Municipal Court in regard to what a record written in certain abbreviated forms should be construed to mean in amplified language; and the order of the court overruling the motion to vacate the judgment of November 23, 1912. Neither the rule, order or forms were introduced in evidence by either party.

Appellant contends the record of the .Municipal Court is insufficient, because not made in the English language. As a part of the so-called second bill of exceptions, a copy of a page of a book kept by the clerk of the Municipal Court and marked "Municipal Court, First District, First Class, Volume No. 202, Case Nos. 201,001 and 202,000" appears, which book the bill of exceptions recites "was a record." This page is divided into three parts: First, the title of the case with the names of the attorneys representing the respective parties. This is written out in full. Second, a list of "papers filed and writs issued" with the dates of such filing or issuance. This list is made up of abbreviations of both words and sentences. It is in no sense a record of any orders of court. It is in reality but a memorandum of original papers in the case from which original papers a record thereof is made. The constitutional provision with reference to the preservation of court proceedings in the English language does not apply to minutes and notes which are no part of the record, but are mere memoranda from which the record is made. *People v. Petit,* 266 Ill. 628. Third, a list of "orders entered" with the dates thereof. These orders are entered in the abbreviated forms prescribed by the Chief Justice of the Municipal Court, who also at the same time prescribed what these abbreviated orders shall be con-

strued to mean in amplified language. We think this record, if it were the only one in the case, would be sufficient under the holding of the Supreme Court in the case of *City of Chicago v. Coleman*, 254 Ill. 338. However that may be, the certificate to that bill of exceptions does not say that the record there contained is the only record in the case, but merely that it is *"a record."* On the other hand, the transcript of the record which contains the first bill of exceptions is certified to be "a true, perfect and complete transcript of the record in this case," etc., and is on its face a full and complete amplified record of every step in the case from the filing of the *praecipe* to the final judgment and allowance of an appeal. As there is nothing to show that the same was not written out in full at the time the occurrences there recorded took place, we must presume that it was. The contention that the record of the Municipal Court is not sufficient is, therefore, without merit. *Richter v. Burdock*, 257 Ill. 410-417.

It is next urged that as this is an action of the first class, the filing of a statement of claim does not conform to the provisions of section 28 of the Municipal Court Act (J. & A. ¶ 3340), which requires the practice in actions of the first class to conform to the practice in the Circuit Court until otherwise provided by the rules of the Municipal Court, for the reason that in the Circuit Court one bringing a suit must file a declaration, and no rule of the Municipal Court authorizing the substitution of a statement of claim for a declaration is shown to have been adopted. If, in fact, no such rule has been adopted by the Municipal Court, a failure to file a declaration would undoubtedly be fatal to the right of appellee to recover, when such right was tested by motion in arrest of judgment. *Danley v. Hibbard*, 222 Ill. 88; *Henning v. Sampsell*, 236 Ill. 375-382. However, in the absence of a showing that such a rule was not adopted by that court,

it must on appeal be presumed that one was so adopted. It is for the party who asserts that an error has been committed to show it. *Hedrick v. Bell,* 84 Ill. App. 523-525. A judgment of a *nisi prius* court will be presumed by an Appellate Court to be regular and supported by the evidence and warranted by the pleadings, unless the contrary is affirmatively made to appear. *Hawthorne v. Cartier Lumber Co.,* 121 Ill. App. 494; *McIntyer v. Houseman,* 108 Ill. App. 276.

In *Union Book Co. v. Robinson,* 105 Ill. App. 236, it was held that in the absence of any showing to the contrary it will be presumed that the trial court complied with its own rules.

In *Seidschlag v. Town of Antioch,* 207 Ill. 280, it was held that an order overruling a motion to dismiss for want of a written complaint will not be reviewed, where the record does not show that a written complaint was not filed.

In *Bellinger v. Barnes,* 223 Ill. 121, the Supreme Court held that an order dismissing a bill in chancery was not reviewable where there was nothing in the record to show that such action was improper.

In *Weske v. Chicago Union Traction Co.,* 117 Ill. App. 298, it was held that all orders necessary to sustain a judgment will be presumed to have been entered in the absence of a showing that they were not so entered.

In *Village of Franklin Park v. Franklin,* 231 Ill. 380, it was held that although the statute requires instructions to be given in writing, and they were not so given, in the absence of a showing to the contrary, it will be presumed that parties consented that they should be given orally.

In this case there was no showing that the Municipal Court had not adopted rules dispensing with the filing of a declaration in cases of the first class and authorizing the substitution therefor of the statement of claim authorized by statute in cases of the fourth

class. Such a rule, that court was expressly author-
ized by statute to adopt. The statement of claim filed
in this case was such a one as might have been author-
ized by such a rule if adopted, and such as is filed in
the Municipal Court in actions of the fourth class.
Appellant filed to it an affidavit of defense in conform-
ity to the practice in actions of the fourth class. The
case was tried and judgment entered by the court
without complaint being specifically made to the fact
that the practice pursued was not such as obtained
in the Circuit Court. Even the motion in arrest of
judgment was orally made and no specific reasons
were presented why it should be allowed, so far as
this record shows. We think the incidents of the trial
strongly support the presumption which the law raises,
that a rule of the Municipal Court, in force at the time
of the trial of this case, authorized the filing in actions
of the first class of a statement of claim in lieu of a
declaration.

The statement of claim as such, presumably filed
under the rules of the Municipal Court, authorizing
the practice in first and fourth class cases to be uni-
form, appraised appellant of the nature of appellee's
claim, and was sufficient after a verdict. *Gamble-Rob-
inson Commission Co. v. Union Pac. Ry. Co.,* 180 Ill.
App. 256; *Kelleher v. Chicago City Ry. Co.,* 256 Ill.
455. While the parties to a suit are limited to the
case made by the plaintiff's statement of claim and
the defendant's affidavit of meritorious defense, the
formalities of pleading have been abolished. *Walter
Cabinet Co. v. Russell,* 250 Ill. 416. This statement
of claim amounts to a charge that appellee, while a
passenger on one of appellant's street cars, and while
she was with due care and caution for her own safety
attempting to alight therefrom, appellant by its serv-
ants, in violation of its implied contract to use all
care and diligence consistent with the practical opera-
tion of its car to safely carry appellee to her destina-

tion and to permit her to safely alight therefrom, negligently, carelessly and suddenly started said car, whereby she was thrown to the ground and injured. This statement of claim, even if it be treated as a declaration, we think is sufficient after a verdict to sustain the judgment. In *Kelleher v. Chicago City Ry. Co.*, 256 Ill. 454, the declaration charged that the plaintiff was injured while attempting to board a car of this defendant, and it was held that, while it would have been bad if tested by a demurrer, it was sufficient after a verdict, although it was not charged that he was boarding the car to be carried as a passenger.

Appellant next argues that there was no evidence to support a finding that the contractual relation of carrier and passenger existed between it and appellee at the time of the injury. The proof shows that appellee had taken a car on Sixty-third street from Halsted street to Ashland avenue; that she paid her fare on that car and was given a transfer; that at Ashland avenue she left the Sixty-third street car and boarded a northbound car; that she gave her transfer to the conductor and that he accepted the same and permitted her to ride to Sixty-first street where some one signaled the car to stop and it did stop at the usual place for discharging passengers; that she then attempted to alight and while in the act of so doing, the car was started and she was thrown to the ground and injured.

Where a street car is stopped at the usual place for receiving passengers, that act is an implied invitation to all persons there to become passengers on that car, and if a person then boards it for the purpose of being carried as a passenger for hire, the acceptance of that implied invitation establishes the relation of carrier and passenger between such person and the street car company, even before the fare is collected. *Petersen v. Elgin, A. & S. Traction Co.*, 238 Ill. 403. Certainly, after the conductor has accepted the fare

or transfer offered by such person, the company cannot be heard to deny that such relation exists.

It is next urged that there is no proof that appellant was the owner and was then operating the car from which appellee was thrown. Such ownership was not denied by appellant in its affidavit of meritorious defense, or in any other manner, and was, therefore, not an issue in the case. In actions against a street railway company for injuries, allegations in relation to the defendant's ownership of the road and cars are mere matters of inducement which need not be proved by the plaintiff, unless specifically denied by the pleadings. *Chicago Union Traction Co. v. Jerka*, 227 Ill. 95. When an affidavit of merits is filed specifying the nature of the defense relied on, all defenses, the nature of which are not set out in the affidavit, are considered waived. *Kadison v. Fortune Bros. Brewing Co.*, 163 Ill. App. 276. In *Walter Cabinet Co. v. Russell*, 250 Ill. 416-420, the Supreme Court said: "While the formalities of pleadings have been abolished by statute, it is still the law in the Municipal Court, as in other courts, that a party is limited in his evidence to the claim he has made; that he cannot make one claim in his statement and recover upon proof of another, without amendment. The issue is made by the statement of claim, and the evidence must be limited by that statement. The issue cannot be enlarged by oral claims   *   *   *   ." What was there said was sufficient for the disposition of the question there presented, but we see no reason why for a like reason it should not be held that the issues to be tried and upon which evidence must be introduced are those made by the statement of claim and the affidavit of meritorious defense, and that when in an affidavit of meritorious defense the defendant places its defense on particular grounds therein specified, proof of all other averments in the statement of claim either of substance or of inducement are waived.

The affidavit of defense in this case not only places its defense upon a denial of negligence of appellant and an averment of contributing negligence on the part of appellee, but expressly admits that the car was the property of appellant. It is there stated:

"CHARLES E. TROXELL, being first duly sworn, deposes and says that he is an agent of the defendant in the above entitled cause and is duly authorized to make this affidavit in its behalf; that he verily believes the defendant has a good defense to the whole of the plaintiff's claim in the above entitled cause in ·that although a lady did fall at or about the time of alighting *from a car of the defendant,* on the 21st day of April, 1911, at the intersection of Ashland avenue and West 61st street, in the City of Chicago, Illinois, yet such fall was not caused or brought about by reason of any negligence on the part of the defendant or any of its agents on said occasion, and if said lady was injured by reason of such fall, such injuries were not caused or brought about through any negligence on the part of the defendant or any of its agents.

"Affiant further says that at the time of said fall the said lady was not in the exercise of due care for her own personal safety."

Whatever is admitted by the pleadings need not be proved.

One of the issues submitted to the jury was whether the servants of appellant were guilty of any negligence which resulted in the injury to appellee complained of. Appellant insists that the proof in this record is not sufficient to warrant a finding by the jury that the injury was the result of any negligence on the part of its servants, but that on the contrary it shows that the car was started by the motorman in response to a signal given by a stranger who was standing on the rear platform. The proof certainly strongly tends to show that such was the case, but it is not of such a conclusive character as to warrant us in finding it to be true as an ultimate fact.

The law is well settled that in order to entitle a plaintiff to recover present damages for apprehended future consequences of an injury, there must be such a degree of probability of their resulting as amounts to a reasonable certainty that they will result therefrom. It is not enough that they may result or even that they are likely to develop. Only evidence of such consequences as are reasonably certain to follow an injury can properly be admitted for the purpose of enhancing the damages to be awarded. *Lauth v. Chicago Union Traction Co.*, 244 Ill. 244; *City of Chicago v. Jarvis*, 226 Ill. 614; *Lyons v. Chicago City Ry. Co.*, 258 Ill. 75.

In violation of this rule, Dr. McMurtry was allowed to testify over objection, in regard to the chances of hernia resulting from the injury, as follows:

"It might be without her supporter, if she were on her feet very much, the abdominal wall would give way. It looks as if it would because it is very thin over those regions."

Further testimony by the same witness in relation to the chances of miscarriage in case of pregnancy, of inability of the plaintiff to retain her urine and of prolapsus of the uterus, nearly as objectionable, was given. The harm of this testimony cannot be estimated, neither can it be overcome by a remittitur. *Lyons v. Chicago City Ry. Co.*, 258 Ill. 75; *Lauth v. Chicago Union Traction Co.*, 244 Ill. 244; *Murphy v. Boston & A. Ry. Co.*, 167 Mass. 64.

The following hypothetical question was asked of Dr. McMurtry over the express objection of counsel for appellant that it was incomplete and furnished no basis for a competent opinion:

"Assuming, doctor, that on the 22nd of April, 1911, while attempting to alight from a car the car had been started and she had fallen in the street, and shortly after the falling was in the condition that you found her in at her home that night, and that you made this examination a few days later and found this con-

dition that you found her in at her home that night, and that you made this examination a few days later and found this condition of the prolapsus of the uterus and this condition of the bladder you have described, and that the conditions with reference to the menstrual flow and the inability to hold the urine continued afterwards as you have described, what, in your opinion, doctor, was the cause or is the cause of those ailments?''

There is nothing in this question from which the witness could assume that each and all of the conditions named in it did not exist prior to the fall from the car. Certainly, if they did so exist, they could not be attributed to the fall. The question further requires the witness to base his opinion in part on what he found by his examinations of the patient and is not confined to what he had testified that he found. A hypothetical question should be based on facts shown in the record and on no other, so that another expert witness can be called upon to express an opinion on the same state of facts. If it is based on facts that are locked in the breast of the witness to whom it is put, no means are open to the opposite side to test the correctness of the opinion expressed by the witness. It was error to permit the question as framed to be answered.

Several of the given instructions are criticised. These criticisms we think are for the most part hypercritical. At least one is substantial. In the instructions in regard to the measure of damages, the court first told the jury they might assess such damages from the facts and circumstances in evidence in connection with their general knowledge, observation and experience in the business affairs of life and then told them they might take into consideration, among other things, in fixing the damages the value of any time appellee had lost on account of the injuries received, and what effect such injuries will have in respect to

her power to earn money and to labor. The rule that jurors may assess damages from their general knowledge, observation and experience in the business affairs of life, without proof of the amount of such damages, applies to physical injuries, suffering of mind and body, future suffering, loss of health or permanent injury, which are not capable of pecuniary measurement, but does not apply to physicians' and nurses' bills, medicine and other necessary expenditures, loss of earnings, or other matters that are capable of proof. Such elements of damage must be based on proof. There was no proof of the value of time lost by appellee in consequence of the injury complained of. Yet the court instructed the jury that the value of any time she had lost was one of the elements of damages to be considered by them. Under the facts in this case the instruction was erroneous.

The damages awarded were quite substantial. How much of the verdict was for loss of earnings or time there is no means of knowing, but that such element entered into the computation and may have constituted a substantial part of it, is quite possible, if not likely. Even if a remittitur would cure this defect, there is no basis in the evidence on which the court could determine how much should be remitted. The only remedy is a retrial.

For the errors enumerated, the judgment is reversed and the cause is remanded to the Municipal Court for another trial.

*Reversed and remanded.*