DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1922.

---

Herman J. Berghoff, Appellee, v. Walter J. Cummings, Executor, Appellant.

### Gen. No. 26,891.

1. EXECUTORS AND ADMINISTRATORS—*sufficiency of proof of testator's death in action against executor.* In an action upon a note against the executor under the will of the maker, there was no merit in the contentions that there was no evidence that the maker had died, that no profert of letters testamentary issued to defendant was made and that it did not sufficiently appear that defendant was executor, where it was alleged in the statement of claim that the maker had lately died and, in the affidavit of merits, such death was admitted, in plaintiff's pleading defendant was described and sued as executor of the estate of the maker, and defendant's appearance was entered as executor.

2. BILLS AND NOTES—*alleging ownership in action on note.* Under section 59 of the Negotiable Instruments Law, in force July 1, 1907 (Cahill's Ill. St. ch. 98, ¶ 79), providing that every holder is deemed prima facie to be a holder in due course, plaintiff's statement of claim in an action upon a note did not fail to state a cause of action because it merely alleged plaintiff to be the owner of the note, without also alleging title by indorsement before maturity, and where a copy of the note showing the payee's indorsement was attached.

(1)

3. BILLS AND NOTES—*burden of proof where holding of note in due course denied*. The burden of showing that plaintiff as indorser, in an action on a note, was not a holder in due course as defined in section 52 of the Negotiable Instruments Law (Cahill's Ill. St. ch. 98, ¶ 72) was upon defendant.

4. PLEADING—*aider by verdict of failure to allege title in action on note*. The defect, if any there was, in an action upon a note by the indorsee, in failing to allege title by indorsement before maturity, was cured by the verdict.

5. BILLS AND NOTES—*inadmissibility of evidence of contemporaneous agreement contradicting terms of note*. A directed verdict for plaintiff, in an action on a note as indorsee against the executor under the last will of the maker, was not erroneous because of the refusal of the court to submit to the jury testimony as to a contemporaneous verbal agreement between the maker and the payee that the note should only be paid in the event a sale of certain real estate was consummated, as such alleged agreement was inconsistent with the note, and the note could not be thus varied or contradicted, especially against an indorsee before maturity in good faith without notice of infirmity.

6. JUDGMENT—*power of court to correct error in form of entry after expiration of term*. Where a judgment against an executor provided that execution issue, instead of providing that payment be made in due course of administration, the entry in such form was a mere error or misprision of the clerk, and the court had power to amend even after the term; and if the trial court had not made the correction, the Appellate Court would have been justified in making such correction.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed April 18, 1922. Rehearing denied April 29, 1922.

**Statement by the Court.** This is an appeal from a judgment for $9,739.42, rendered upon an instructed verdict by the municipal court of Chicago against Walter J. Cummings, executor of the estate of John J. Cummings, deceased.

The action, commenced on May 11, 1919, is one of the first class, upon a promissory note for $6,250, dated August 26, 1909, signed by John J. Cummings in his lifetime, and wherein he promised to pay said amount one year after date to the order of Alfred

C. Berghoff, for value received with interest at the rate of 5 per cent per annum after date. The note was indorsed before delivery by said Walter J. Cummings, in his individual capacity, and before maturity was transferred to the order of plaintiff by the payee by indorsement thereon.

In plaintiff's statement of claim, to which is attached a copy of the note, it is alleged that plaintiff is the owner thereof, that there is due him said principal sum and accrued interest, and that "John J. Cummings has lately died and Walter J. Cummings is the executor of the estate of said John J. Cummings, deceased, he having been appointed executor of said estate by order of the Probate Court of Cook County, Illinois."

On May 22, 1919, the appearance of "Walter J. Cummings, executor of the estate of John J. Cummings, deceased" was entered by an attorney and a jury trial demanded.

In defendant's amended affidavit of merits, filed May 24, 1920, it is alleged, in substance, as a defense to plaintiff's claim, that on August 26, 1909, and prior thereto, Alfred C. Berghoff, the payee of the note, was a stockholder in the McGuire-Cummings Manufacturing Company, a corporation, owning $50,000 of the common stock at its par value, or one-sixteenth of its total capitalization; that on or prior to said date John J. Cummings, "now deceased," and Walter J. Cummings, agreed to and did purchase the stock of said Berghoff at its par value; that the said corporation then had a lease on certain premises with an option to purchase, and that negotiations were pending with the Northwestern Railroad Company for the sale of the premises to it for $185,000; that it was then believed by said John J. and Walter J. Cummings and said Berghoff that the sale would be consummated and would result in a net profit to the corporation of $100,000, and that Berghoff, as the owner of said $50,000 of said stock, would become entitled

to one-sixteenth part of said $100,000 or $6,250; that at the time John J. and Walter J. Cummings purchased Berghoff's stock and as a part of the consideration thereof, it was agreed that, in the event the negotiations with the Railroad Company should terminate in a sale to it of said premises for said sum, Berghoff would be paid one-sixteenth of the profit so expected to be realized, or $6,250, and "as a memorandum of said agreement" the said John J. Cummings thereupon made, and the said Walter J. Cummings indorsed, the note sued upon; that the negotiations with the Railroad Company did not terminate in the sale of the premises to it for any sum and the McGuire-Cummings Company did not make any profit; that thereby the consideration for said note wholly failed; and that plaintiff is the father of Alfred C. Berghoff and was fully cognizant of the facts and circumstances under which said note was issued at the time he purchased and became the owner of said note.

The cause came on for trial before a jury on October 26, 1920. Plaintiff introduced the note in evidence, and testified on direct examination that he is the holder and owner thereof; that the indorsement by his son, Alfred C. Berghoff, is in the latter's handwriting; that the note came into his possession a few days after August 26, 1909, then having said indorsement thereon; that no portion of the note has been paid; and that there is due for principal and interest thereon the sum of $9,739.42. On cross-examination plaintiff testified that two other notes, signed by the same parties, one for $30,000 and the other for $20,000, were given to Alfred C. Berghoff on the same day, and that subsequently plaintiff also became the owner thereof. Plaintiff then rested his case.

Walter J. Cummings, defendant, testified, in substance, that in August, 1909, he was vice-president of the McGuire-Cummings Company; that John J. Cummings, the deceased, was his brother, and was in 1909

the president of said company, and that Alfred C. Berghoff was the secretary thereof and owner of $50,000 worth of its stock out of a total capitalization of $800,000; and that on August 26, 1909, said Alfred C. Berghoff resigned as secretary and his said stock was purchased by John J. Cummings and the witness, they giving said Berghoff therefor two collateral notes of that date, one for $30,000 and the other for $20,000, each signed by John J. Cummings and each indorsed by the witness. The said two notes for $30,000 and $20,000 each dated August 26, 1909, payable to the order of Alfred C. Berghoff, due respectively six and nine months after date, and bearing interest at the rate of 6 per cent per annum after date, were then offered in evidence by defendant, but upon objection being made to their introduction, as being immaterial and irrelevant under the issues, the court reserved his rulings until further evidence was introduced. Defendant also offered in evidence a stock certificate for 500 shares of stock in said McGuire-Cummings Company, issued to Alfred C. Berghoff on April 22, 1908, and bearing his assignment in blank, dated August 26, 1909. Defendant also offered in evidence fifteen paid checks of the McGuire-Cummings Company, of various amounts aggregating $53,497.14, and bearing various dates from July 15, 1910, to September 26, 1911, four of them being dated prior to November 1, 1910, and being payable to Alfred C. Berghoff and bearing his indorsement and that of plaintiff, and eleven of them being payable to the order of plaintiff and by him indorsed, and the witness testified that said fifteen checks were given, each in part payment and all in full payment, of said two collateral notes for $30,000 and $20,000. Upon the same objection being made to the introduction in evidence of the stock certificate and checks, the court likewise reserved his ruling. At this stage of the trial the jury were temporarily dismissed and further proceedings were

had not in the presence of the jury. The court stated, in substance, that this course was adopted so that the court might have further evidence as to defendant's theory of defense and also examine the collateral notes, the stock certificate and the fifteen checks, offered in evidence and objected to, and be the better advised as to what ruling he should make on the offers.

Before the court, and not in the presence of the jury, Walter J. Cummings further testified, in substance, that at the conference on August 26, 1909, he and John J. Cummings and Alfred C. Berghoff were present, and a discussion was had about the proposed sale of the real estate to the Northwestern Railroad Company for $185,000, upon which sale, if consummated, the McGuire-Cummings Company would make a profit of $100,000; that said Berghoff stated that he thought he, as a stockholder in the company, was entitled to his share of the profits in the proposed deal; that the witness replied that Berghoff was entitled to his share thereof, or $6,250; that Berghoff then said that the agreement as to his getting said share should be reduced to writing or that he should be given "some memorandum" of the agreement; that thereupon "we gave Berghoff that memorandum for $6,250," which memorandum "is the note in question"; that the plaintiff, Herman J. Berghoff, was not present at said conference; that the witness "does not know whether Herman J. Berghoff ever had any knowledge regarding the transaction under which the note was given"; and that after the note was given the proposed sale of the real estate was never consummated. The court then stated, in substance, that the defense of failure of consideration of the note, as against the plaintiff, an indorsee and holder of the note sued upon before maturity and without notice, had not been sufficiently shown as to warrant a jury to pass upon that defense. Defendant thereupon called as his witness the plaintiff, Herman J. Berghoff, who

testified, in substance, that Alfred C. Berghoff was his son; that he loaned his son the money with which the latter made his original purchase of the stock in the McGuire-Cummings Company, taking his note for the amount loaned; that in making the purchase his son acted in his own behalf and not as agent for plaintiff; that when his son indorsed to him the $6,250 note sued upon he paid his son a consideration therefor; that neither at the time said note was transferred to him, nor at any time prior thereto, did he have any knowledge of any agreement to the effect that the note was not to be paid unless the sale of the real estate was made to the Northwestern Railroad Company; and that his son never informed him of any such agreement. Defendant also called as his witness Alfred C. Berghoff, who testified, in substance, that the note sued upon was given him as a part consideration for the sale of his stock in the McGuire-Cummings Company; that he did not agree that the payment of the note sued upon should be conditional upon the sale of the real estate to said Railroad Company; that no such proposition was made and accepted by him; that at the time of the transaction he was acting solely for himself and not as agent for plaintiff; that he afterwards turned over to plaintiff the two collateral notes aggregating $50,000 and the note sued upon; that the note which he had originally given plaintiff for the money borrowed, with which he had originally purchased his stock, and upon which note there was some accrued interest due, was canceled, and he (the witness) received some cash from plaintiff besides. The court again stated, in substance, that the defendant's alleged defense to the $6,250 note as against plaintiff, an indorsee thereof before maturity and without notice or knowledge of any infirmity or defect in the title, had not been sufficiently shown, and that there was no question for the jury to pass upon, and the court ruled that the several exhibits above mentioned offered by

defendant before the jury, to the introduction of which objections had been made, be not admitted in evidence. Defendant's attorney then stated that he had no further evidence to offer.

The jury were recalled and, under·the court's instruction so to do, returned a verdict finding the issues against the defendant, as executor, etc., and assessing plaintiff's damages at the sum of $9,739.42. And the court on October 26, 1920, after overruling motions for a new trial and in arrest of judgment entered judgment upon the verdict:

"That the plaintiff have and recover of and from the defendant, Walter J. Cummings, executor of the estate of John J. Cummings, deceased, the damages of the plaintiff amounting to the sum of $9,739.42, together with the costs by the plaintiff herein expended, *and that execution issue therefor.*"

From this judgment the defendant perfected his appeal by the filing of an appeal bond in said municipal court, on November 19, 1920.

After the transcript of the record had been filed in this Appellate Court and various errors assigned, among which was the assignment that the order of judgment was erroneous in that it directed that an execution issue against the defendant, the attorney for plaintiff, on June 18, 1921, appeared before the same judge of the municipal court who had tried the case and moved the court for an order correcting the form of the judgment. The motion was supplemented by the filing of a sworn petition. On the hearing of the motion the attorneys for both parties were present and it appeared from the stenographic notes of the stenographer, who had reported in shorthand the proceedings upon the trial up to and including the court's directions as to the form and amount of the judgment to be entered, that the court had directed that judgment should be entered against the defendant in the amount above mentioned "to be paid in due course as executor," and thereupon the court, over the objection

Berghoff v. Cummings, 225 Ill. App. 1.

of defendant, entered a draft order, reciting that it appeared to the court from a sufficient memorandum made when the cause was heard that he had directed the minute clerk to enter judgment against the defendant, as executor, etc., for said amount "to be paid in due course of administration," and ordering that the order of judgment, entered October 26, 1920, be so amended, *nunc pro tunc* as of said date, as that the amount be directed to be paid by said Walter J. Cummings, as executor, etc., "in due course of administration." An additional transcript of record containing these proceedings was here filed on October 7, 1921, and defendant subsequently here assigned an additional error that "the Municipal Court erred in entering the order of June 18, 1921, attempting to correct the judgment of October 26, 1920."

McKINLEY & PRICE and WILLARD M. McEWEN, for appellant.

DAVID K. TONE and ELLIS D. WHIPP, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

Counsel for defendant urge, as grounds for a reversal of the judgment, that there is no evidence that John J. Cummings is deceased; that no profert of letters testamentary issued to defendant was made; and that it does not sufficiently appear that defendant is the executor of said estate of John J. Cummings. There is no merit in any of these contentions. It is alleged in plaintiff's statement of claim that John J. Cummings "has lately died" and it is admitted in defendant's affidavit of merits that said Cummings is "now deceased." In plaintiff's pleading the defendant, Walter J. Cummings, is described and sued as "executor of the *estate* of John J. Cummings, deceased," and it is alleged that defendant was appointed executor by the probate court of Cook county. While it is doubtless more correct to say "executor of the

last will," etc., defendant in his affidavit of merits does not deny that he is John J. Cummings' executor, or that he was appointed as such by said probate court; and when he entered his appearance in the cause, it was as "executor of the estate of John J. Cummings, deceased." If he was not such executor he should have set up that fact as a defense. (24 Corpus Juris, p. 752, sec. 1858.)

Counsel further contend that plaintiff's statement of claim fails to state a cause of action. The argument is that it is not sufficient for him only to allege that he is the "owner" of the note, but that he should also allege title by indorsement and before maturity. A copy of the note sued on was attached to plaintiff's statement of claim and made a part thereof. The note was complete and regular upon its face and had the indorsement of the payee thereon; and presumably plaintiff was a holder in due course. Section 59 of our Negotiable Instruments Law, in force July 1, 1907 [Cahill's Ill. St. ch. 98, ¶ 79], provides that "every holder, is deemed prima facie to be a holder in due course." The statement of claim sufficiently apprised defendant of the nature of plaintiff's claim (*Isbitz v. Chicago City Ry. Co.*, 192 Ill. App. 487, 495). The burden of showing that plaintiff was not a holder in due course, as defined in section 52 of said Negotiable Instruments Law [Cahill's Ill. St. ch. 98, ¶ 72], was upon the defendant. But the uncontradicted testimony discloses that plaintiff became the owner and holder of the note 'by indorsement and delivery by Alfred C. Berghoff a few days after its date. Furthermore, the claimed defect in the statement of claim, if any there was, is cured by the verdict. (1 Chitty's Pleading, 16th Am. Ed., page 705; *Kelleher v. Chicago City Ry. Co.*, 256 Ill. 454, 456.)

Counsel further contend that the court erred in instructing the jury to return a verdict in favor of plaintiff for the amount of the note and accrued inter-

est. As we understand counsels' arguments they are (1) that the testimony of Walter J. Cummings, heard by the court and not in the presence of the jury, to the effect that at the time the note was executed there was a contemporaneous verbal agreement between the maker and the payee that the note should only be paid in the event a sale of certain real estate was consummated, should have been submitted to the jury; and (2) that all the testimony, heard by the court and not in the presence of the jury, on the question of what notice or knowledge plaintiff had at the time the note was negotiated to him of any infirmity in the instrument or defect in the title of Alfred C. Berghoff, should have been submitted to the jury. The court did not err in refusing to submit to the jury the testimony of Walter J. Cummings as to said verbal agreement, because the alleged verbal agreement was inconsistent with the note and the note could not be thus varied or contradicted, especially as against an indorsee before maturity. (*Murchie v. Peck Bros. & Co.,* 160 Ill. 175, 177; *Mumford v. Tolman,* 157 Ill. 258, 265.) And the uncontradicted testimony of the plaintiff was that at the time the note was negotiated to him he took it in good faith and for value and had no notice of any infirmity in the instrument or defect in the title of Alfred C. Berghoff, who negotiated it to him. Clearly he was a holder in due course under the provisions of sections 52 and 56 of the Negotiable Instruments Law [Cahill's Ill. St. ch. 98, ¶¶ 72, 76], and there was no disputed fact to be submitted to the jury. In our opinion the court was fully warranted in instructing the jury to return a verdict for the amount of plaintiff's claim. And even had the court admitted in evidence before the jury the various exhibits offered by defendant, and which the court finally refused to admit, the same instruction would have been justified. They were irrelevant and immaterial to the issues involved.

Counsel further contend that the trial court erred in entering its order of June 18, 1921, whereby the judgment of October 26, 1920, erroneous in form in that the amount was not directed to be paid by the defendant as executor "in due course of administration" as it should have been, was attempted to be corrected. Under the facts disclosed we regard the form of the judgment as originally entered as a mere error or misprision of the clerk, which form of judgment the court had power even after the expiration of the term to properly amend. Even if the judgment had not been corrected in the trial court, this Appellate Court would have been justified in correcting it. (*McNulta v. Ensch,* 134 Ill. 46, 56; *Doyle v. Doyle,* 257 Ill. 229, 237.)

Finding no reversible error in the record the judgment as corrected of the municipal court is affirmed.

*Affirmed.*

MORRILL, J., concurs.

BARNES, J., took no part in the decision of this case.